VILLAGE OF WILLISTON PARK, Plaintiff, *v.* MURRAY ISRAEL et al., Defendants.

Supreme Court, Special Term, Nassau County, January 22, 1948.

*Louis G. Hart, Jr.,* for plaintiff.

*Remsen B. Ostrander* for defendants.

HOOLEY, J. This is an action for an injunction brought by the Village of Williston Park against the four defendants. The defendants are physicians and maintain their offices within the limits of the ·incorporated village. It is the contention of the village that the premises are being used as a private hospital, contrary to the provisions of the zoning ordinance of the Village of Williston Park. The answer of the defendants contains general denials and five separate and complete defenses. The fourth separate and complete defense reads as follows: '' That the alleged Zoning Ordinance #4 of the Village of Williston Park has never been duly enacted, published, posted and adopted according to the provisions of the Village Law of the State of New York and is void and of no force and effect in said village.'' By previous order of this court a separate trial of this defense was ordered. The only issue before the court upon this trial, therefore, is the validity of the proceedings taken by the Village of Williston Park in the enactment of the zoning ordinance.

At the time of the adoption of the zoning ordinance in 1927, Williston Park was a village of about 500 people. At the present time, the village has been developed to a point where the population is approximately 8,000. The property in question is located in a residential '' A '' zone. Subdivision 7 of section 1 of article IV of the zoning ordinance of the village permits the office of a doctor, artist, lawyer or any other similar customary accessory use in such district. A private hospital, however, is not permitted under the zoning ordinance in that zone.

The defendants attack the legality of the zoning ordinance in various particulars. The most serious of the claimed defects in the procedure leading to the adoption of the ordinance is the omission of a copy of a zoning map setting forth the boundaries of the districts from the enacting resolution passed by the board of trustees on June 17, 1927, and the failure to publish and post said map as part of the resolution.

The ordinance provides in article I, section 1; that the village is divided into four districts (naming them) and then recites " as shown on the ' Use District Map,' which accompanies this resolution, and which is hereby declared to form a part of this ordinance, said map being entitled, ' Building Zone Map for the Village of Williston Park, Nassau County, New York.' " In the enacting resolution of the zoning ordinance, there is no attempt to establish the boundaries of the four districts. In the resolution of the board of trustees of June 17, 1927, which purported to enact the ordinance, the following appeared:

" * * * Now, therefore, be it resolved that the Board of Trustees of the Village of Williston Park by virtue of the authority by law vested in it, hereby ordains and enacts the following ordinance:

(See annexed ordinance Exhibit ' A ')

" Be it further resolved, that this ordinance as enacted be published and posted, as required by law, to take effect immediately."

A copy of the ordinance was attached to the minutes of the meeting, but no map was annexed thereto. Subsequently, when the ordinance was published and posted, the map was not included. The zoning ordinance did not state that the building zone map had been filed in the office of the village clerk of the village, or in any other public office.

Section 95 of the Village Law as it was in June, 1927, provided, in part, as follows: " 95. *When ordinances to take effect.* Every ordinance hereafter adopted or approved by the board of trustees of a village shall be entered in its minutes and published in the official paper of the village, and also in each other newspaper actually printed in the village, once each week for two consecutive weeks, and a printed copy thereof posted conspicuously in at least three public places in the village for at least ten days before the same shall take effect, and an affidavit of the publication and posting thereof shall be filed with the clerk. * * * "

In *Milano* v. *Town of Patterson* (Sup. Ct., Westchester Co., in N. Y. L. J., Oct. 6, 1947, p. 752, col. 3) HON. FREDERICK P. CLOSE, as Official Referee, stated as follows: " I have reached the conclusion that the ordinance is void. The publication was defective and incomplete. By the language used the zoning map was made a part of the zoning ordinance. This map was never published, hence section 269 of the Town Law was not complied with. This failure renders the ordinance void (*Matter of Schierloh,* 230 App. Div. 788; *Matter of Estabrook,* 240 App.

Div. 899). It is a trite observation to say that zoning ordinances are in derogation of an owner's rights under the common law. Such being the case, it follows that the procedure laid down by the Legislature in exercise of the police power must be strictly construed and strictly followed. (*Merritt* v. *Village of Port Chester,* 71 N. Y. 309.) "

The village relies upon the case of *Village of Northport* v. *Walsh* (241 App. Div. 683, affd. 265 N. Y. 458), where the court at Special Term sustained the zoning ordinance of the village of Northport although the map was not published. There the ordinance recited that the map which was made a part of the ordinance was on file in the office of the clerk of the village. The court below stated that the publication and posting gave notice to the public generally that an ordinance establishing various classifications of uses to which property could be put was on file in the office of the village clerk together with the zoning map which the text of the ordinance referred to. There was no such statement in the zoning ordinance of the village of Williston Park as published, which is sufficient to distinguish the *Northport* case from the case at bar. By reason of the failure to publish the map, to post the map, to include the map in the ordinance as published or to set forth that such map was on file in the office of the village clerk, and by reason of the failure of the ordinance to otherwise describe in the text of the ordinance the use districts attempted to be created, the ordinance is null and void.

Much evidence was presented as to various other alleged defects in the proceedings relative to the enactment of the zoning ordinance in question, but, in the opinion of the court, the failure to comply with the law, as hereinbefore indicated, is so serious that it is unnecessary to consider the other alleged defects in procedure.

Judgment for defendants. Settle same on notice.