[No. 37612. Department Two. April 8, 1965.]

THE STATE OF WASHINGTON, *on the Relation of Roy R. Weiks et al., Respondents,* v. THE TOWN OF TUMWATER, *et al., Appellants.** *

*Neil J. Lynch,* for appellants.

*Brodie, Fristoe & Taylor,* for respondents.

MACIVER, J.†—The town of Tumwater appeals from a judgment of the trial court directing that a writ of mandamus issue requiring the town to issue the respondents a building permit and decreeing that ordinance No. 246 and ordinances No. 405 and No. 437 of the town, purporting to amend ordinance No. 246, are void.

*Reported in 400 P.2d 789.

†Judge MacIver is serving as a judge pro tempore of the Supreme Court pursuant to art. 4, § 2(a) (amendment 38), state constitution.

The respondents and their predecessors occupied and operated the Chambers Packing Company in its present location for the past 70 years. This property was annexed to the town in 1950. The respondents' application for a permit to rebuild their plant so as to conform to the requirements of the State Department of Agriculture was denied by the town.

June 1, 1948, the town enacted ordinance No. 246, a zoning ordinance. Section 1 provided:

1. This ordinance shall be known as "the Zoning Ordinance of the Town of Tumwater."

2. This ordinance shall consist of the text hereof and as well as that certain map identified by the approving signatures of the mayor and city clerk on the title page and marked and designated as "The Map of the Zoning Ordinance of the Town of Tumwater," which map is now on file in the office of the city clerk of this city. Said map has been heretofore examined in detail by the town council and is hereby adopted as a part of this ordinance. Said ordinance, and each and all of its terms, is to be read and interpreted in the light of the contents of said map. If any conflict between the map and text of this ordinance is deemed to arise, the text of the ordinance shall prevail.

It was admitted that, at the time ordinance No. 246 was enacted, the map referred to in Section 1 was not in existence and the trial court so found:

6. There was no map setting out the zones referred to in said purported ordinance No. 246 in existence at the time of the purported adoption of said ordinance.

Not only did ordinance No. 246 fail to establish zone boundaries by map reference or by legal description, but, at the time of its enactment, there was no planning commission in existence (none was established until December 21, 1952). There was no comprehensive plan prepared by the commission and recommended to the council for adoption after a public hearing, as required by the Washington Zoning Act, RCW 35.63.

On January 8, 1963, respondents requested a building permit. On January 22, 1963, ordinance No. 437 was enacted.

This ordinance purported to amend and clarify ordinance No. 246 and ordinance No. 405.[1]

Ordinance No. 437 incorporated by reference a zoning map of the town and described by metes and bounds the area limits within the corporate limits. This ordinance and map were filed with the Thurston County Auditor February 18, 1963. March 19, 1963, the respondents' request for a building permit was denied.

The trial court was of the opinion that the enactment of the Washington Zoning Act, RCW 35.63, took from municipalities their right to enact zoning ordinances in exercise of their police power under Const. art. 11, § 11, the constitutional grant being subject to "general laws," and that strict compliance with the act was mandatory. Since the city had failed to create a planning commission and adopt a comprehensive zoning plan upon the recommendation of that commission, as specified by the act, and since the ordinance did not establish zone boundaries, the trial court held that the ordinance was not enacted in strict compliance with the requirements of the act and was therefore void.

We do not reach the question of whether or not the town, in enacting ordinance No. 246, was bound by the provisions of RCW 35.63. The ordinance in failing, by map or otherwise, to establish zone boundaries is clearly a nullity and void. It is the general rule that:

An ordinance must be clear, precise, definite and certain in its terms, and an ordinance vague to the extent that its precise meaning cannot be ascertained, is invalid, although otherwise it is constitutional and valid. The basis for the rule, as in the case of the requirement of definiteness and certainty in statutes, is the necessity for notice to those affected by the operation and effect of the ordinance, and the necessity for such notice is especially strong, of course, where the ordinance is penal

[1]Ordinance No. 405 does not appear in the record. Ordinance No. 437 recites: "WHEREAS Ordinance No. 405, passed May 9, 1961, established zone boundaries as marked and designated on the following ordinances of the Town of Tumwater, but the true and correct legal descriptions of the zoning areas were not set forth; . . . ."

in character. 5 McQuillin, Municipal Corporations § 15.24, p. 110 (3d ed.).

So also is the necessity for notice especially strong where the effect of the ordinance is to regulate the otherwise free use of property.

In *Moon v. Smith,* 138 Fla. 410, 416, 189 So. 835, a zoning ordinance provided:

"The City of Orlando is hereby divided into ten (10) districts aforesaid and the boundaries of such districts are shown upon the map attached hereto and made a part of this ordinance being designated as the 'District Map' and said map and all the notations, references and other information shown thereon shall be as much a part of this ordinance as if the matters and information set forth by said map were all fully described herein."

Finding that the map referred to was not, in fact, attached to the ordinance, the Florida court held, p. 418:

The ordinance applied only to the map attached thereto and without such map so attached there was no description of the several zones attempted to be established contained in the ordinance. A map or plat could have been otherwise identified in and made a part of the ordinance, but this was not done.

Because of the lack of definiteness of description and location of the several zones, the ordinance was ineffectual to establish the several zones.

In *Village of Williston Park v. Israel,* 191 Misc. 6, 76 N.Y.S.2d 605, 608, it was held:

By reason of the failure to publish the map, to post the map, to include the map in the ordinance as published or to set forth that such map was on file in the office of the Village Clerk, and by reason of the failure of the ordinance to otherwise describe in the text of the ordinance the use districts attempted to be created, the ordinance is null and void.

The defects in ordinance No. 246 were not remedied by the enactment of ordinance No. 437. Ordinance No. 437 did not purport to re-enact No. 246. The rule is:

The general rule is that void ordinances cannot be amended and that an ordinance passed as an amendment

to a previous ordinance, which never took effect, is invalid; *a void ordinance cannot be vitalized by amendment, and re-enactment is necessary to validate that intended to be enacted by it.* Hence, where an ordinance is passed by one branch of the legislative body at one session, and is not passed by the other until the next session, it is void, and a later amendment cannot give it any validity. *Without question, where an ordinance is void, a subsequent ordinance, that cannot be enforced of itself, and that purports to amend a single section of the prior ordinance, is invalid.* 6 McQuillin, Municipal Corporations § 21.05, p. 183 (3d ed.). (Italics ours.)

The fact that the ordinances of the town of Tumwater, including the ordinances here in question, had, prior to the commencement of the present action, been included in the codification of the ordinances of the town of Tumwater, as provided for by Laws of 1957, ch. 97, does not result in the re-enactment of the ordinances. Such a statute does not contemplate the re-enactment or the republication of the ordinances, but merely their compilation for convenient use and to simplify the method of their proof. Defects in the ordinances or in their enactment are not thereby cured. *Barrett v. Chicago, M. & St. P. R. Co.,* 190 Iowa 509, 175 N.W. 950.

■ We are committed to the rule that we will sustain the trial court's judgment upon any theory established by the pleading and supported by the proof. *Lundberg v. Corporation of Catholic Archbishop of Seattle,* 55 Wn.2d 77, 346 P.2d 164; *Guerin v. Thompson,* 53 Wn.2d 515, 335 P.2d 36.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.