SORON REALTY CO., INCORPORATED, et al., Appellants, v. TOWN OF GEDDES, Respondent.

Fourth Department, May 13, 1965.

*Melvin & Melvin* (*Raymond J. Barth* of counsel), for appellants.

*Albert H. Pirro* (*Sidney B. Coulter* and *Henry S. Fraser* of counsel), for respondent.

DEL VECCHIO, J. Plaintiffs appeal from a judgment declaring that amendments enacted in 1954 to the Zoning Ordinance of the Town of Geddes are valid and declaring that plaintiffs have a nonconforming use as to only a portion of the property owned and occupied by them.

Plaintiff Soron Realty Co., Incorporated, is the present owner of the real property involved in this action and plaintiff Solvay Iron Works, Inc., is the lessee operating a steel fabricating business thereon.

The defendant Town of Geddes adopted a Zoning Ordinance in 1942 by which the property in question was unclassified, as it remained until 1954 when the amendments here under attack purported to change the classification to Commercial A. Meanwhile, in 1948, the predecessor of plaintiff Solvay Iron Works, Inc., commenced a small structural steel fabricating operation which progressively expanded to the time of the commencement of this action. Defendant concedes that at the time of the enactment of the 1954 amendments there existed a nonconforming use as to a portion but not all of the premises involved.

Plaintiffs challenge the validity of the 1954 zoning amendments upon the ground, among others, that there was no compliance with all statutory requirements for their enactment, or, in the alternative, assert that, if the amendments are valid, they have a nonconforming use as to all of the premises in question.

The trial court decided "that the statutory procedural requirements were fully complied with by the Town Board in amending the 1942 Zoning Ordinance", and declared the amendments to be valid. The record does not support this determination and we must therefore hold that the amendments are invalid.

The facts which purported to amend the Zoning Ordinance are as follows: On June 4, 1954 a hearing was held, pursuant to public notice, on proposed changes in the ordinance. No official action was taken by the Town Board at that time but, after some alterations had been made in the proposals, the board purported to amend the Zoning Ordinance by a two-step procedure, enacting amending resolutions on August 5, 1954 and November 8, 1954. The amendments, among other things, referred to and prescribed classifications for new zoning districts but did not include geographical descriptions of the boundaries of such districts, referring only to "the official zoning map", and not

to a particular map adopted in August, 1954. *Moreover, no zoning map was entered in the minutes of the Town Board nor was any posted with the newly enacted ordinances on the signboard maintained by the Town Clerk, subsequent to their adoption.* It appears from a map produced by the defendant, which is certified as being a part of the Town Zoning Ordinance as amended August 5, 1954,* that plaintiffs' property is within a district classified on that date as Commercial A, where the use being pursued, unless there existed a prior nonconforming use, is not permitted.

Section 264 of the Town Law is quite specific in requiring that " every amendment to a zoning ordinance (*including any map incorporated therein*) * * * shall be entered in the minutes of the town board * * * and a copy of such ordinance or amendment *together with a copy of any map incorporated therein* shall be posted on the sign board maintained by the town clerk ". (Emphasis supplied.) Defendant's failure to comply with this requirement, as to the map dated August 5, 1954, by physical inclusion or by reference to and incorporation of said map in the ordinance by specific description, is fatal to the validity of the amendments enacted in August and November, 1954.

This is not like *Quick* v. *Town of Owego* (11 A D 2d 285, affd. 8 N Y 2d 1144, remittitur amd. 9 N Y 2d 649), where the map, although not physically reproduced in the minutes, was referred to and incorporated in the ordinance as having been adopted on the same day, and was referred to in the resolution of the Town Board as being adopted concurrently with the ordinance. The map was further described in the ordinance as being " certified by the town clerk ", thus giving notice that the original map was in the possession of the Town Clerk who was also the custodian of the Town Board minute book. The map was maintained in the Clerk's office and, during the period of posting of the ordinance, was on display on an easel immediately adjoining the Town Clerk's signboard.

Here there was a failure in the text of the ordinance to describe the geographical boundaries of the use districts or to incorporate the map dated August 5, 1954 by reference, to enter the map in the minutes of the Town Board, to include the map in the ordinance as posted, to post the map or to recite in the ordinance that such map was on file in the office of the Town

---

* It might be observed that this map, certified on September 13, 1954 as being a part of the ordinance enacted August 5, 1954, contains items which were not referred to in the Zoning Ordinance until the amendment adopted on November 8, 1954.

Clerk, all of which served to make the amendments to the Zoning Ordinance null and void. (*Village of Williston Park* v. *Israel*, 191 Misc. 6, affd. 276 App. Div. 968, affd. 301 N. Y. 713; Anderson, Zoning Law and Practice in New York, p. 70, § 4.14.)

This court has recently held that "every property owner is entitled to know with precision in which one of two districts his property has been placed" and that "the procedural steps required by the enabling acts of municipalities are regarded as mandatory and failure to comply therewith invalidates the enactment". (*Keeney* v. *Village of LeRoy*, 22 A D 2d 159, 162, 163.)

When, as here, the amending ordinance without the map does not give notice to property owners in the town of the zoning areas in which their property is being classified, it is of critical importance that the map be treated as a part of such ordinance and be accorded the same publication by inclusion in the Town Board minutes, either actually or constructively, and by public display at the place for posting town notices.

In view of our conclusion that the amendments to the Zoning Ordinance are invalid by reason of the failure to comply with the provisions of section 264 of the Town Law, it is not necessary to pass upon the other grounds of invalidity asserted by plaintiffs nor to determine whether a nonconforming use existed as to the remaining portion of their property, which by this decision is located in an unclassified zone.

. The judgment insofar as appealed from should be reversed and judgment entered declaring that the amendments to the 1942 Zoning Ordinance enacted August 5, 1954 and November 8, 1954 are null and void.

WILLIAMS, P. J., BASTOW, GOLDMAN and NOONAN, JJ. concur.

Judgment insofar as appealed from unanimously reversed on the law and facts, with costs, and judgment granted declaring the amendments to the 1942 Zoning Ordinance enacted August 5, 1954 and November 8, 1954 null and void. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusion made.