[No. 3563-2. Division Two. July 28, 1978.]

DAVID R. LAROSE, *Respondent,* v. KING COUNTY,
ET AL, *Appellants.*

*Christopher T. Bayley, Prosecuting Attorney, John E. Keegan, Chief Deputy,* and *Richard W. Elliott* and *Robert D. Johns, Deputies,* for appellants.

*James E. Kennedy, Carroll, Rindal, Kennedy & Schuck, Ronald C. Dickinson, City Attorney,* and *Alan F. Austin,* for respondent.

REED, A.C.J.—Defendants King County, et al, and intervenor City of Mercer Island, appeal from a summary judgment of the King County Superior Court granted in favor of plaintiff, David LaRose. Initially, relief was sought by way of direct review in the State Supreme Court. This was denied and the matter was referred to Division One of this court; Division One disqualified itself, and the Supreme Court then transferred it to this division. We granted expedited review because of the filing deadline (July 30–August 4) for the upcoming elections for the judgeships which will be affected by this opinion. We reverse.

In 1974, pursuant to the provisions of RCW 3.38,[1] King County adopted a comprehensive justice court districting plan; ordinance No. 2102. Since then the county has been working toward reorganization of its plan to provide for more effective operation of its courts. In 1976, pursuant to RCW 3.38.040,[2] the King County Justice Court Districting

---

[1]RCW 3.38.010 establishes a justice court committee "in each county of the state."

RCW 3.38.030 provides:

"Upon receipt of the justice court districting plan, the county commissioners shall hold a public hearing, pursuant to the provisions of RCW 36.32.120(7), as now or hereafter amended. At the hearing, anyone interested in the plan may attend and be heard as to the convenience which will be afforded to the public by the plan, and as to any other matters pertaining thereto. If the commissioners find that the plan proposed by the districting committee conforms to the standards set forth in chapters 3.30 through 3.74 RCW and is conducive to the best interests and welfare of the county, as a whole it may adopt such plan. If the commissioners find that such plan does not conform to the standards as provided in chapters 3.30 through 3.74 RCW, they may modify, revise or amend the plan and adopt such amended or revised plan as the county's justice court districting plan. The plan decided upon shall be adopted by the county commissioners not later than six months after the classification of the county as class A or the adoption of the elective resolution."

[2]RCW 3.38.040 provides in part:

"The districting committee may meet for the purpose of amending the dis-

Committee (Committee) submitted a proposal for boundary changes to the King County Council (Council). The plan contained the Committee's recommendation that the Mercer Island District Justice Court—served by a locally elected part-time justice—be merged into the "Eastside District," to be served by full-time judges of the Bellevue Justice District Court. After holding the hearings required by law, the Council enacted ordinance No. 2694 which adopted the proposed plan except as it pertained to Mercer Island. Instead of following the Committee recommendation, the Council merged Mercer Island into the "East Seattle" district, effective as of January 13, 1979.

During 1977, it was discovered that ordinance No. 2694 failed to identify certain municipal departments created by the revised plan, RCW 3.38.020(6); this omission precluded these departments from sharing in revenues derived from fines and forfeitures for municipal violations, RCW 3.46-.120. The Council resolved to rectify this by amending the ordinance. In the interim it began to reconsider what should be done with Mercer Island. Accordingly, in February 1978, pursuant to RCW 3.38.040, the Council reconvened the Committee and requested its recommendation regarding disposition of Mercer Island. The Committee met on March 8, 1978, and, after extensive debate, defeated a motion to recommend retention of Mercer Island as a separate district. On March 9 the Committee forwarded a letter to the Council which included the following:

> The District Court Districting Committee met on March 8, 1978. After an extensive discussion the Committee found that there is no substantial change in the circumstances with regard to any of the factors expressed in the Committee's recommendation of February 26, 1976.

---

tricting plan at any time on call of the county commissioners, the chairman of the committee or a majority of its members. Amendments to the plan shall be submitted to the county commissioners not later than March 15th of each year for adoption by the commissioners *following the same procedure as with the original districting plan.* Amendments shall be adopted not later than May 1st following submission by the districting committee." (Italics ours.)

Therefore, the Committee is unable to make any recommendation at this time. However, *the Committee calls the Council's attention to its previous recommendation that Mercer Island District Court be merged into a single comprehensive Eastside district.*

(Italics ours.) On April 17 the Council adopted ordinance No. 3671 which removed Mercer Island from the Seattle district, thus preserving it as a separate district. Subsequently, it was discovered that none of the ordinances adopting districting plans had been legally advertised, RCW 3.38.030, RCW 36.32.120(7). Accordingly, on May 22, 1978, the Council adopted ordinance No. 3714; this ordinance repealed all prior district court plans and readopted the plan established in ordinance No. 3671, effective January 13, 1979.

Plaintiff, an attorney residing in the city of Mercer Island, then brought this declaratory judgment action seeking to invalidate ordinances Nos. 3714 and 3671. On June 5, 1978, the King County Superior Court granted plaintiff's motion for summary judgment, ruling as follows:

1. The King County Council did not have authority, pursuant to RCW 3.38.040, to enact Ordinance 3671 (passed April 17, 1978) or Ordinance 3714 (passed May 22, 1978), because the justice court districting committee described in RCW 3.38.010, after meeting on March 8, 1978, pursuant to the request of the King County Council in Motion No. 3384, did not recommend any change in the district court plan or propose any amendments to the plan;

2. The May 1st date indicated in RCW 3.38.040 is not a mandatory date after which the County Council is prevented from acting to amend the districting plan;

3. RCW Chap. 3.38 does not require a particular quorum as a prerequisite to action by the justice court districting committee and the committee can act without such a quorum; and

4. Failure of King County to publish notice of its hearings in the official county newspaper, for Ordinance 2694 (passed April 26, 1976) and Ordinance 3671, is a technical matter with no practical significance.

The principal issue on this appeal may be stated as follows: In the absence of a recommendation from the County Justice Court Districting Committee does the County Council have the power to adopt amendments to its districting plan? We hold that it does.

By the express terms of RCW 3.38 the legislature has delegated to the governing body of each county the power to adopt and amend a justice court districting plan. The statute has been upheld against the claim it constitutes an invalid delegation of legislative power, *Long v. Odell,* 60 Wn.2d 151, 372 P.2d 548 (1962). The act nowhere purports to vest the justice court districting committee with legislative powers. Rather, the Committee is established to act in an advisory capacity through the county legislative body. The only statutory limitation is that a districting plan may not be modified, revised or amended unless it is found to not conform to the standards contained in the act. The language of this statutory limitation does not form the basis of plaintiff's challenge to the ordinances here in question, his position being merely that the Council could not act at all without a committee recommendation.

Defendants first argue that the Committee's letter of March 9 constituted a recommendation in the form of a "reaffirmation" of its 1976 proposal for merger of Mercer Island with Bellevue. We cannot agree. In making this determination, we have examined the Committee's statement against the backdrop of its proceedings of March 8. The minutes of that meeting clearly evidence a decision not to make a recommendation. In fact, some of the members present opined that a recommendation would open the way for the Council to do as it pleased; they also believed that without a recommendation "the Council cannot do anything and the courts keep what they have." Further, the belief was expressed that any recommendation favoring retention of Mercer Island would run counter to the Committee's philosophy that part–time courts "should be

absorbed into full–time positions." In light of these proceedings, we cannot agree that the Committee was recommending merger with Bellevue by "reaffirming" its 1976 proposal merely by calling the Council's attention to its former position.

██ Defendants next argue that the Committee cannot effectively deprive the Council of its power to amend its districting plan by the simple expedient of refusing to act. We agree. The legislature did not expressly delegate any power to the Committee to enact a districting plan, nor does the statute expressly condition Council action on a recommendation from the Committee, *see Lauterbach v. Centralia*, 49 Wn.2d 550, 304 P.2d 656 (1956). Assuming such a "veto" power could be constitutionally vested in a "citizen's committee,"[3] which is not directly responsible to the electorate, nor clearly subject to judicial review for arbitrary, capricious or unlawful action, *see United Chiropractors v. State*, 90 Wn.2d 1, 578 P.2d 38 (1978), we do not believe the legislature intended that result.[4] We therefore hold that the intention of the legislature, when it

---

[3]The Justice Court Districting Committee is composed of the following:

"(1) The judge of the superior court, or, if there be more than one such judge, then one of the judges selected by that court;

"(2) The prosecuting attorney, or a deputy selected by him;

"(3) A practicing lawyer of the county selected by the president of the largest local bar association, if there be one, and if not, then by the county commissioners;

"(4) A judge of an inferior court of the county selected by the president of the Washington state magistrates' association; and

"(5) The mayor, or his representative, of each first, second, and third class city of the county;

"(6) One person to represent the fourth class cities of the county, if any, to be designated by the president of the association of Washington cities: *Provided*, That if there should be neither a first class nor a second class city within the county, the mayor, or his representative, of each fourth class city shall be a member;

"(7) The chairman of the board of county commissioners; and

"(8) The county auditor." RCW 3.38.010.

[4]That such was not the legislative intent when it adopted RCW 3.38 (Laws of 1961, ch. 299) is reflected by the Senate's refusal to adopt the restrictive language

enacted RCW 3.38, was to endow the Committee with "advisory" functions only. Having received no recommendation from the Committee, the Council was free to adopt the Mercer Island amendment to its districting plan.

 Finally, we agree with the trial judge's rulings that ordinance No. 3714 was legally passed, even though it was adopted on May 22, 1978. The provision of RCW 3.38.040 that amendments shall be adopted not later than May 1 is permissive, rather than mandatory. *Ticeson v. Department of Social & Health Servs.,* 19 Wn. App. 489, 576 P.2d 78 (1978).

 Nor does RCW 3.38 require a particular quorum as a requisite to action by the districting committee. The plaintiff has cited us to no authority for this proposition. There are, however, several decisions which indicate that a quorum of a nondecision–making body consists of those who actually attend the meeting. *Walling v. Lansdon,* 15 Idaho 282, 97 P. 396 (1908); *Democratic–Farmer–Labor State Cent. Comm. v. Holm,* 227 Minn. 52, 33 N.W.2d 831 (1948); *State ex rel. Hundley v. Goodwyn,* 83 W. Va. 255, 98 S.E. 577 (1919).

 The failure to publish notice of ordinance No. 3671 was cured by the adoption of ordinance No. 3714. It is universally recognized that "Any defect in the publication of an ordinance is cured by its reenactment and republication." 5 E. McQuillin, *The Law of Municipal Corporations* § 16.93, at 299 (1969 rev. ed.).

---

of Substitute Senate Bill No. 111, which provided as follows:

If the commissioners find that the plan proposed by the justice court districting committee conforms to the standards set forth in this act, the recommended plan *shall be adopted* without amendment. If the commissioners find that such plan does not conform to such standards, the *plan shall be amended* by the board, *following consultation* with the districting committee, so as to conform to such standards. *As so amended,* the plan *shall be adopted* by the commissioners as the county's justice court districting plan.

*See* Senate Journal, 37th Legislature (1961), at 773.

For the reasons given, the trial court is reversed.

PETRIE and SOULE, JJ., concur.