The **BOARD OF ZONING APPEALS OF MONROE COUNTY,** Plaintiff-Appellant,

v.

**Sandra S. BERNDT and Delta Treatment Centers of Indiana, Inc., Defendants-Appellees.**

**No. 53A01-8606-CV-165.**

Court of Appeals of Indiana, First District.

Jan. 27, 1987.
Rehearing Denied Mar. 10, 1987.

Carl Paul Lamb, Monroe Co. Atty., Bloomington, for plaintiff-appellant.

James F. Bohrer, Law Offices of Andrew C. Mallor Associates, Bloomington, for defendants-appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The Board of Zoning Appeals of Monroe County (Zoning Board) appeals the trial court's entry of summary judgment in favor of the defendants. We affirm.

## FACTS

The Zoning Board initiated this action on July 23, 1984, against Sandra S. Berndt and Delta Treatment Centers of Indiana, Inc. (Delta). Berndt and Delta operate for profit, short-term residential facilities for emotionally, sexually and physically abused children. The Zoning Board asserted that Berndt and Delta were violating the Monroe County Comprehensive Zoning Ordinance by maintaining a business use on four parcels in a residential district. Delta answered by claiming, *inter alia,* that there was no validly enacted zoning ordinance.

The Monroe County Comprehensive Zoning Ordinance allegedly was enacted on June 3, 1974. Public hearings were held on May 29 and June 3, 1974. At that time, the applicable statute, Indiana Code section 18-7-5-64, provided that notice of a public hearing was to be published in a daily newspaper of general circulation within the county. The same statute also specified the contents to be included in the notices and that notice was to be given twice within ten days of a public hearing. On May 17 and May 24, 1974, the Monroe County Board of Commissioners published a legal notice of public hearing in the *Herald-Telephone,* a daily newspaper of general circulation in Monroe County. The Board of Commissioners also published legal notice in *The Journal,* a weekly newspaper of general circulation in Ellettsville, Monroe County, Indiana, on May 15 and May 22, 1974.[1]

The Board of Commissioners held a public hearing on May 29, 1974, and June 3, 1974. On the latter date, the Board of

Commissioners allegedly adopted the Monroe County Comprehensive Zoning Ordinance. On May 24, 1983, the Commissioners and the Monroe County Council passed and adopted Ordinance 83-7, codifying all general and permanent ordinances.

After the Zoning Board initiated the present action against Delta and Berndt, the trial court granted Delta's motion for summary judgment. The trial court declared that the zoning ordinance was invalid because notice was not given properly in 1974. The trial court further held that the 1983 codification of the zoning ordinance did not cure the defects. Other relevant facts will appear in our discussion of the issues.

## ISSUES

Restated, the issues are as follows:

1. Whether the Monroe County Comprehensive Zoning Ordinance was invalidly enacted in 1974 for failure to comply with the notice provisions of Ind.Code § 18-7-5-64.

2. Whether the 1983 codification cured the defective enactment in 1974.

## DISCUSSION AND DECISION

*Issue One*

■ In 1974, the following statute governed the requisite legal notice for zoning ordinances:

"Hearings on final report: notice

"After the final report has been submitted by the plan commission, the city council or the board of county commissioners shall afford all interested persons an opportunity to be heard with reference to it at public hearings convenient for all persons affected to be held at times and places to be specified in *notices to be published in a daily newspaper of general circulation in the city or county.* The notices shall state the times and places of the hearings, that the report contains a comprehensive zoning

---

1. On May 28, 1974, the editors of the *Herald-Telephone* published a front-page story written by a staff writer concerning the public hearing scheduled for the following day. The Board of Commissioners was not responsible for the story.

ordinance for the city or county, that written objections to the final report filed ... at or before the hearings will be heard and that the hearings will be continued from time to time as may be found necessary. *The notice shall be published at least twice within ten (10) days before the time set for the hearings, ....* Upon completion of the public hearings, the city council or the board of county commissioners shall proceed to the consideration of the ordinance."

Ind.Code § 18–7–5–64 (repealed 1974) (emphasis added). Our supreme court recently interpreted this statute. In *Town of Beverly Shores Plan Commission v. Enright* (1984), Ind., 463 N.E.2d 246, the court held a zoning ordinance invalid for failure to follow the statutory procedures relating to notice. In that case, a public hearing was scheduled for December 1, 1958. Notices were published in two weekly newspapers on November 20 and November 27, 1958. Thus, the November 20th publications were eleven (11) days prior to the hearing, violating the Ind.Code § 18–7–5–64 requirement that notice be published "at least twice within ten (10) days before the time set for the hearing." Justice Prentice, writing for the court, held as follows:

"Although we have been made aware of no Indiana case determinative of the effect of noncompliance with this 'notice' statute, such statutes are generally strictly construed and notice in accordance with their provisions held to be mandatory and a prerequisite to the validity of the ordinance. *See* Annot., 96 A.L.R.2d 449, 469–470 (1964) and cases cited therein. Further, this Court has stated that the procedures set forth in the enabling statute must be complied with, *State ex rel. Michigan City Plan Commission v. LaPorte Superior Ct.,* 260 Ind. [587] at 590, 297 N.E.2d [814] at 815 [1973], and that a failure to do so would render the zoning ordinance void. *Krimendahl v. Common Council of City of Noblesville,* 256 Ind. [191] at 196, 267 N.E.2d [547] at 550 [1971]. Inasmuch as one of the two required notices was published eleven (11) days prior to

the hearing, rather than within ten (10) days, as required by the enabling statute, the ordinance purported to be adopted is void."

*Id.* at 248. The court explicitly rejected the argument premised upon "substantial compliance". *Id.* at 249. In the present case, the notice published on May 17, 1974, was twelve (12) days prior to the May 29th hearing. Under the strict application of Ind.Code § 18–7–5–64 given by our supreme court in *Beverly Shores,* the May 17th notice in the *Herald-Telephone* newspaper was defective, thereby voiding the passage of the ordinance.

■ Our conclusion is not changed by the fact that notice was published in *The Journal* once within the ten (10) day period preceding the public hearing. Again, *Beverly Shores* is dispositive. "There is no ambiguity in the statute [Ind.Code § 18–7–5–64] that would permit the singular 'a newspaper' to be construed to permit the use of more than one newspaper in effecting the required notice." *Id.* at 249. Therefore, a legal notice could not be published once in two separate newspapers within the ten (10) day period. Thus, notice in *The Journal* did not satisfy the statute. Furthermore, *The Journal* was a weekly newspaper in contravention of the explicit requirements of Ind.Code § 18–7–5–64 that the newspaper be a daily publication.

■ The appellant also argues that its timely May 17, 1974, published notice coupled with a front page news story on May 28, 1974, which both appeared in the *Herald-Telephone* newspaper, satisfied Ind.Code § 18–7–5–64. However, the news story did not contain information required by the statute. For example, the article omitted to state that written objections would be heard and that the hearing could be continued if necessary. Record at 381. Since the news article did not comply strictly with Ind.Code § 18–7–5–64, *see Beverly Shores,* at 248–49, we need not address the argument that a news story for which the county commissioners neither caused nor

paid can constitute one of the necessary legal notices under the statute.[2]

*Issue Two*

Indiana Code section 36–1–5–3 (section 3) provides, "The legislative body of a unit shall codify, revise, rearrange, or compile the ordinances of the unit into a complete, simplified code excluding formal parts of the ordinances." Indiana Code section 36–1–5–6 (section 6) further states,

"If the legislative body determines, and declares in a provision of a code, that the provision is a restatement or reenactment of an original ordinance or amendment thereof, then the legal conditions for the effectiveness of an original ordinance need not be met. Such a restated or reenacted provision shall be considered reordained by the adoption of the code."

The Zoning Board argues that codification under section 6 cures any defects in an otherwise invalid ordinance. On May 24, 1983, the Monroe County Council and the Board of Commissioners enacted Ordinance 83–7 which, by its own terms, responded to section 3. Ordinance 83–7 thus adopted the Monroe County Code. The ordinance took effect on June 15, 1983. The Zoning Board focuses on the language of section 6 which states that if codification is a reenactment or restatement, "then the legal conditions for the effectiveness of an original ordinance need not be met." The Zoning Board argues that this provision cured any defects concerning legal notice in 1974 when the Monroe County Comprehensive Zoning Ordinance was unsuccessfully enacted.

■ We disagree with the Zoning Board and hold that a void zoning ordinance cannot be reenacted or restated under Ind.Code § 36–1–5–6 unless the necessary conditions precedent for the original enactment of the particular ordinance are satisfied. Reenactment or restatement alone under Ind.Code § 36–1–5–6 cannot

cure any defects. The language of section 6 which says that the legal conditions need not be satisfied means that if an ordinance is being restated or reenacted, that is, without any changes, then the board of commissioners does not have to comply with the ordinance's original conditions precedent if those conditions were met at the time of the original enactment. This is a reasonable interpretation since to do otherwise would be oppressively burdensome on a county when codifying ordinances. If a validly enacted ordinance is codified without any changes, it would be redundant to go through all of the public hearing and notice requirements again.

■ We are bolstered in our conclusion by analyzing the language used in the statutory provisions. On one hand, Ind.Code § 36–1–5–3 mandates that county commissioners codify ordinances. The statute uses the words "codify, revise, rearrange, or compile". On the other hand, Ind.Code § 36–1–5–6 only uses the words "restatement or reenactment". Section 6 uses language which is narrower than that used in section 3. Section 6 contemplates codification of ordinances without any changes. This is the plain meaning of "restatement or reenactment". However, section 3 authorizes the county commissioners to not only "rearrange" or "compile" ordinances, but also to "revise" an ordinance upon codification. Thus, section 3 would allow revisions in an ordinance. Section 6, however, does not allow revisions. Therefore, if an ordinance is revised upon codification, the language of section 6, which negates the requirement of satisfying "the legal conditions for the effectiveness of an original ordinance", does not apply. If an ordinance is revised upon codification, the county commissioners first must satisfy all of the original conditions precedent such as public hearings and legal notice. An ordinance which is being revised cannot be summarily codified without following the

**2.** A news story appearing in the *Herald-Telephone* on May 30, 1974, one day after the May

29th public hearing, obviously cannot be considered adequate notice.

normal steps for an ordinance's original enactment or amendment.

 Since section 6 does not apply to revisions, it is obvious that it does not apply to invalidly enacted ordinances. Prior to codifying such an ordinance, we hold that the county commissioners must first satisfy the conditions precedent such as public hearings and notice to validly enact the ordinance. "The validating ordinance must be passed in the manner essential to the valid enactment of the original." 62 C.J.S. *Municipal Corporations* § 432(b) (1949). Only validly enacted ordinances may be codified under the conditions of section 6. "A codification may not have the effect of curing defects in ordinances or in their enactment." 5 E. McQuillin, *Municipal Corporations* § 16.86 (3d ed. 1981); *see also* 62 C.J.S. *Municipal Corporations* § 432(b) (1949) ("Defects in ordinances are not cured by the inclusion of the ordinances in a compilation for convenient use and to simplify the method of their proof."); *cf. City of Chester v. Elam* (1962), 408 Pa. 350, 184 A.2d 257; *State ex rel. Weiks v. Town of Tumwater* (1965), 66 Wash.2d 33, 400 P.2d 789. Put simply, codification cannot breath life into that which is dead. Therefore, since there was no dispute as to any material issue of fact and since the trial court properly decided the issues of law, summary judgment was proper.

Affirmed.

ROBERTSON and NEAL, JJ., concur.