[No. 38912-2-I. Division One. June 30, 1997.]

D.E. BALE, ET AL., *Appellants*, v. THE CITY OF AUBURN, ET AL., *Respondents*.

*Mara Vinnedge,* for appellants.

*Jayne L. Freeman* and *Keating, Bucklin & McCormack, P.S.,* for respondents.

Cox, J. — D.E. Bale and other business owners (Bale) in a Parking and Business Improvement Area (BIA) in the City of Auburn commenced this action. Bale seeks to invalidate ordinances establishing the BIA and to recover special assessments levied over a period of years. Bale argues that the City failed to comply with statutorily required procedures when it adopted the ordinances. Because the City's failure to publish the 1988 ordinance was a defect that was cured by the 1994 reenactment and publication of the new ordinance, we affirm.

In 1988, Auburn business owners petitioned the City to create a BIA. The City then adopted a resolution of intent to create this special area. It published the resolution and a notice of a public hearing in the VALLEY DAILY NEWS. Subsequently, the City Council adopted Ordinance 4293, establishing the BIA.[1] However, the City did not publish

---

[1]Ordinance 4293, states in relevant part that "[a]s authorized by RCW Chapter 35.87A, there is hereby established an Auburn Central Business District Parking and Business Improvement Area within the boundaries described below . . . . Businesses within the Auburn Central Business District Parking and

either the text or a summary of the ordinance as required by RCW 35.22.288. The City collected assessments without objection from the business owners in the BIA from 1988 to 1994.

In 1994, the City became aware that it had not published Ordinance 4293 as required by statute. In order to correct this defect, it adopted and published Ordinance 4686.[2] This ordinance incorporated, ratified, and confirmed prior Ordinance 4293.

Bale commenced this action against the City, claiming that both ordinances are void and seeking reimbursement for assessments collected under the ordinances. Both sides moved for summary judgment. The trial court granted the City's motion, dismissing with prejudice Bale's causes of action. Bale appeals.

 The parties concede that there are no genuine issues of material fact in this case. Thus, the question before us is an issue of law to which we apply the de novo standard.[3]

RCW 35.87A sets forth the procedures a municipality must follow to create a BIA. Here, the operators of at least "sixty percent of the assessments by businesses and multifamily residential or mixed-use projects within the area,"[4] petitioned the City to form the BIA. The City then adopted a resolution of intention to establish a BIA.[5] The resolution stated the time and place for a public hearing and was published in the VALLEY DAILY NEWS, a local

---

Business Improvement Area shall be subject to special assessments authorized by RCW 35.87A.010."

[2]Ordinance 4686 states in pertinent part that "[t]he City Council of the City of Auburn, Washington, do ordain as follows: *Section 1.* City of Auburn Ordinance No. 4293, establishing the Auburn Central Business Improvement Area (BIA) . . . which is hereby attached as Exhibit '1' and incorporated by reference as if set out in full, is ratified and confirmed in all respects."

[3]*Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 208, 875 P.2d 1213 (1994).

[4]RCW 35.87A.010(1).

[5]*See* RCW 35.87A.040.

newspaper.[6] The City also notified businesses in the proposed area by mail.[7] After the hearing, the City adopted Ordinance 4293 establishing the BIA.[8]

At oral argument, Bale conceded that there was no defect in the City's compliance with these statutes. Bale's challenge rests on the assertion that the City failed to publish Ordinance 4293 after its adoption and that the 1994 reenactment and publication of the new ordinance was insufficient to cure the defect. We disagree.

RCW 35.22 sets forth general procedures that first class cities must follow when enacting ordinances. RCW 35.22.288 provides in pertinent part that

> [p]romptly after adoption, the text of each ordinance or a summary of the content of each ordinance shall be published at least once in the official newspaper of the city. For purposes of this section, a summary shall mean a brief description which succinctly describes the main points of the ordinance . . . . When the city publishes a summary, the publication shall include a statement that the full text of the ordinance will be mailed upon request.[9]

The City concedes that it failed to comply with this publication requirement when it enacted the 1988 ordinance. The question we must decide is whether the City's 1994 reenactment of the 1988 ordinance and publication were sufficient to sustain the validity of the BIA.

The trial court stated in its summary judgment order that it relied on two cases, *Henry v. City of Oakville*[10] and *City of Bothell v. Gutschmidt*,[11] in determining that the City cured its 1988 failure to publish. The court stated that "the publication statute was not complied with . . .

---

[6]*See* RCW 35.87A.040, .050(1).

[7]*See* RCW 35.87A.050(2).

[8]*See* RCW 35.87A.100.

[9](Emphasis added.)

[10]30 Wn. App. 240, 633 P.2d 892 (1981), *review denied*, 96 Wn.2d 1027 (1982).

[11]78 Wn. App. 654, 898 P.2d 864 (1995).

but the later ratification in 1994 cured the technical, ministerial defect . . . and has retroactive application."

Bale argues that the trial court erred by relying on our opinion in *Gutschmidt*. There, we held that the city clerk's failure to authenticate and record an ordinance did not invalidate it.[12] We did not reach the issue of how a publication defect may be cured.

■■ But without question the weight of authority indicates that a city may cure its failure to publish an ordinance by reenacting the ordinance and publishing it.[13] In *LaRose*, the King County Council discovered that several of its ordinances adopting district court districting plans had not been advertised as required by statute. The Council adopted an ordinance that repealed all the districting plans and readopted a plan set forth in one of the unadvertised ordinances.[14] The court held that the adoption of the new ordinance cured the lack of advertisement, stating that "[i]t is universally recognized that '[a]ny defect in the publication of an ordinance is cured by its reenactment and republication.' "[15] Likewise, in *Henry*,[16] the court stated the more general rule that

> where a governing body takes an otherwise proper action later invalidated for procedural reasons only, that body may retrace its steps and remedy the defects by reenactment with the proper formalities.

Here, the City exercised its power to cure the earlier defect by reenacting the new ordinance and publishing in 1994. That is squarely within the rule of *LaRose* and *Henry*.

---

[12]*Gutschmidt*, 78 Wn. App. at 664.

[13]*LaRose v. King County*, 20 Wn. App. 808, 814, 584 P.2d 393 (1978); 5 Eugene McQuillin, The Law of Municipal Corporations § 16.93 (3d rev. ed. 1969).

[14]*LaRose*, 20 Wn. App. at 811.

[15]*LaRose*,.20 Wn. App. at 814 (quoting 5 Eugene McQuillin, The Law of Municipal Corporations § 16.93, at 299 (3d rev. ed. 1969)).

[16]30 Wn. App. at 246.

Bale attempts to analogize this case to *State ex rel. Weiks v. Town of Tumwater.*[17] In *Weiks*, the court cited McQuillin for the proposition that a void ordinance may not be validated by an amendment.[18] That case is distinguishable.

In *Weiks*, the town of Tumwater passed a zoning ordinance stating that a certain map on file in the city clerk's office indicated zone boundaries. The map did not exist at the time the ordinance was enacted. Later, the town passed another ordinance that purported to amend and clarify the original ordinance. This second ordinance incorporated by reference a zoning map. The court held that the first ordinance was void and its defect was not cured by enactment of the second ordinance.

In *Weiks*, in contrast to this case, the defect in the original ordinance was that it was missing virtually its entire substance. Here, the original ordinance was valid except for the final step of publication. Because the defect in this case was procedural, that is, a failure to publish, it falls within the rule enunciated in *Henry*. Moreover, the second ordinance in *Weiks* purported to amend the ordinance. The court indicated that a void ordinance cannot be cured by amendment, but must be reenacted.[19] Here, the second ordinance ratified and confirmed the first. That was sufficient.

For the foregoing reasons, we affirm the summary judgment order.

BAKER, C.J., and KENNEDY, J., concur.

[17]66 Wn.2d 33, 400 P.2d 789 (1965).

[18]66 Wn.2d at 36-37 (quoting 6 EUGENE McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 21.05 (3d ed.)).

[19]*Weiks*, 66 Wn.2d at 36-37 (quoting 6 EUGENE McQUILLIN § 21.05).