[No. 44595.   En Banc.   May 5, 1977.]

SEATTLE–FIRST NATIONAL BANK, *Plaintiff,* LOU STANTON, ET AL, *Appellants,* v. STEPHEN S. KONZ, *Respondent.*

*Richard A. Perry,* for appellants.

*Nansen, Price & Howe,* by *Michael D. Howe,* for respondent.

BRACHTENBACH, J.—The sole issue in this case is the jurisdictional limit of a part–time, nonattorney district

court judge in a county which has elected to come within the 1961 justice court act, RCW 3.30–3.74.

A judgment of $924.16 in favor of a collection agency was entered by the Ferry County District Court. The judge of that court served part time and was a nonlawyer. After judgment, the collection agency obtained a writ of garnishment against Seattle–First National Bank. The bank and the judgment debtors petitioned the Superior Court for a writ of certiorari, contending that the district court judge did not have jurisdictional authority to enter a judgment in excess of $500. The writ was denied and the bank ordered to honor the writ of garnishment. The judgment debtors appeal. We affirm.

Appellants contend that the statute which sets civil jurisdiction for a nonlawyer judge is RCW 3.20.020(2)(a). That statute does distinguish between lawyer and nonlawyer judges and places a $500 maximum on the latter.

■ The total answer to appellants' position is that Ferry County has elected, pursuant to RCW 3.30.020, to come within RCW 3.30–3.74, the 1961 justice court act. That act alternatively denominates these courts as district courts. RCW 3.30.030. That act recognizes that under limited circumstances a nonlawyer may be a district court judge. RCW 3.34.060. It likewise authorizes part–time district court judges under certain conditions. RCW 3.34.040.

Under RCW 3.66.020(1), the district court's civil jurisdiction is $1,000. No distinction is drawn between lawyer and nonlawyer judges. That is the controlling jurisdictional statute.

While RCW 3.20.020 still governs courts not mandatorily or voluntarily under RCW 3.30–3.74, it is not applicable to those courts established under these latter statutes. The acts are separate and mutually exclusive. Therefore the district court did have jurisdiction to enter the judgment in this case.

518

The denial of the writ of certiorari is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.