[No. 10930–8–I. Division One. August 1, 1983.]

THE CITY OF ENUMCLAW, *Respondent,* v. DONALD R. HUNT, *Petitioner.*

*Duane S. Radliff,* for petitioner.

*Michael J. Reynolds,* for respondent.

ANDERSEN, C.J.—

FACTS OF CASE

The petitioner, Donald R. Hunt, seeks to have his Enumclaw municipal court conviction of driving a vehicle while intoxicated set aside.

The offense was committed on November 11, 1980 and the municipal court trial resulting in his conviction was held on January 27, 1981.

On appeal to the Superior Court of the State of Washington for King County, the petitioner's conviction was reviewed on the municipal court record in accordance with the provisions of the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) effective January 1, 1981. The conviction was affirmed by the Superior Court.

We granted discretionary review for the purpose of reviewing two issues raised by the petitioner.

The recent decision in *Seattle v. Hesler,* 98 Wn.2d 73, 82–85, 653 P.2d 631 (1982) has now determined the first such issue against the petitioner, as he correctly conceded at oral argument before this court. He was not entitled to a trial de novo in the superior court simply because the offense was committed before the effective date of the new appeal on the record provisions of RALJ.

Remaining before us, however, is the issue involving the petitioner's challenge to the jurisdiction of the court which tried and convicted him. This challenge presents one ultimate issue for determination by this court.

## Issue

Did the City of Enumclaw's adoption of the optional municipal code deprive its municipal court of jurisdiction over the petitioner's case?

## Decision

CONCLUSION. We hold that it did not and affirm the conviction.

Petitioner argues that since the City of Enumclaw adopted the optional municipal code before he committed the offense in question, the City was precluded from creating a municipal or police court and hence the Enumclaw Municipal Court is without jurisdiction over his case.

 In support of his argument, petitioner cites our decision in *State ex rel. Farmer v. Edmonds Mun. Court,* 27 Wn. App. 762, 765, 621 P.2d 171 (1980). *Farmer* does not support petitioner's position in the case before us since our holding there was to the effect that once a city opts to establish a district court under the provisions of the justice court act of 1961, where cases involving violations of its ordinances were being filed at the time the city reorganized under the optional municipal code, it is thereafter prohibited from changing back to a municipal or police court system. *Farmer,* at 767. Nothing in the record of the present case suggests that the Enumclaw Municipal Court was created *after* the City adopted the optional municipal code. If that was in fact what transpired, then it was petitioner's obligation to present it in the record submitted for our consideration. 4 Am. Jur. 2d *Appeal and Error* § 398, at 863–64 (1962); *State v. Melcher,* 33 Wn. App. 357, 360, 655 P.2d 1169 (1982). Appellate courts "may not speculate upon the existence of facts that do not appear in the record." *State v. Blight,* 89 Wn.2d 38, 46, 569 P.2d 1129 (1977).

It is, however, appropriate to observe that the statement in the City's brief to the effect it had never participated in the justice court act of 1961 but has at all times maintained its own independent municipal or police court, has not been controverted by petitioner. This the City of Enumclaw

could do since the right of municipalities to continue their existing municipal or police courts was expressly recognized by grandfather clauses contained in both the justice court act of 1961, RCW 3.30.020, RCW 3.50.470, and the subsequently enacted optional municipal code, RCW 35A.20.010.

Petitioner's conviction is affirmed. The case is remanded to the Enumclaw Municipal Court to carry out the judgment and sentence.

WILLIAMS and CALLOW, JJ., concur.