[Nos. 7817–1–II; 7818–0–II.  Division Two.  January 6, 1987.]

THE CITY OF HOQUIAM, *Appellant*, v. LOIS STRID, *Respondent*.

THE CITY OF HOQUIAM, *Appellant*, v. ZENA M. BEACH, *Respondent*.

*Omar S. Parker, City Attorney*, and *Jon C. Parker, Assistant*, for appellant.

*J. A. Heard* and *Johnson, Heard & Shearer*, for respondents.

PETRICH, J.—Grays Harbor County Superior Court issued writs of prohibition staying further proceedings in the City of Hoquiam's Municipal Court against Lois Strid and Zena Beach for violating the city's municipal code. The Superior Court reasoned that the city's municipal court had been superseded by the justice court act and thus lacked jurisdiction to resolve the alleged violations.

Hoquiam presents two issues: (1) whether the writs of

prohibition should have been rejected because there is an adequate remedy at law; and (2) whether Hoquiam's election to continue its municipal court system and forgo application of the justice court act to that system is valid when the election to continue the court was made before the act became effective in the county where Hoquiam is located. While resort to the writ process to test the validity of the city's municipal court was appropriate in this case, we conclude that Hoquiam's election to continue its municipal court effectively preserved that court, and avoided the court system that would otherwise be imposed by the justice court act. Accordingly, we reverse and quash the writs.

Prior to March 18, 1963, a municipal court had existed in Hoquiam for more than 60 years. On that date, Hoquiam elected to continue the court by adopting resolution 1748 pursuant to the justice court act, RCW 3.50. However, Grays Harbor County, where Hoquiam is located, had not yet elected to come under the act. The act became effective in that county several years later, on January 9, 1967.

After the act became effective in Grays Harbor, Hoquiam, on August 13, 1973, adopted ordinance 2626, which purported to designate a municipal court pursuant to the act, RCW 3.50.010.[1] Then, on February 2, 1976, Hoquiam adopted the classification of a noncharterred code city pursuant to RCW Title 35A. Still later, in 1983, Strid and Beach were charged with violating Hoquiam's municipal code. After they were charged, each applied to the Superior Court for a writ of prohibition to stay proceedings on several grounds, including that their trial court, the Hoquiam Municipal Court, lacked jurisdiction over the subject matter and their persons because the court had been superseded by the justice court act. The Superior Court agreed and authorized the writs.

At the time of their applications, Ms. Strid had been

---

[1] RCW 3.50.060 (Laws of 1961, ch. 299, § 55) then required a narrow 10–day time frame to adopt such a court. The adoption of this ordinance did not fall within the permitted time frame.

convicted and was awaiting sentencing, while Ms. Beach had not yet been tried.

Hoquiam claims that the writs were improperly issued because the defendants had an adequate remedy at law. We reject this claim. While the writ process should be sparingly used, it is appropriate here. *See Seattle v. Williams,* 101 Wn.2d 445, 453–55, 680 P.2d 1051 (1984); *State ex rel. Western Canadian Greyhound Lines v. Superior Court,* 26 Wn.2d 740, 755, 175 P.2d 640 (1946).

We next address whether Hoquiam effectively elected to continue its municipal court and forgo application of the justice court act.

Strid and Beach argue that Hoquiam's municipal court lacked jurisdiction over them because the court's jurisdiction had previously passed to the justice court system by operation of law when the justice court act first became effective in Grays Harbor County on January 9, 1967. Their argument is that Hoquiam's previous attempt to continue its court by adopting resolution 1748 was premature and therefore without effect because the adoption occurred before the act became effective in Grays Harbor. Their argument is rejected.

The justice court act (Laws of 1961, ch. 299) was enacted in 1961 to become effective in that same year. Its legislative history "reveals an intent to create an integrated and consistent court system to replace the maze of lower courts provided in RCW 3.04–3.28 and RCW Title 35." *State ex rel. Farmer v. Edmonds Mun. Court,* 27 Wn. App. 762, 765, 621 P.2d 171 (1980). Nevertheless, section 96 of the act (codified under former RCW 3.50.470) specifically permitted cities and towns to continue their existing municipal court system.[2]

---

[2]RCW 3.50.470 states:

"Chapter cumulative—Continuation under existing law. Although self-executing, the provisions of this chapter shall be cumulative and, notwithstanding any provision hereof, any city or town may elect to continue under any existing statutes relating to police courts, municipal courts, or laws relating to justices of the peace."

"Where the law is silent as to the mode of procedure, no particular formality in the enactment of an ordinance need be adopted. In the absence of other requirements it is only necessary that there be sufficient proof of the will of the governing body." 5 E. McQuillin, *Municipal Corporations* § 16.10, p. 134 (3d ed. 1981). When Hoquiam passed resolution 1748 in 1963, it validly elected to continue its court system under the act because: (1) Hoquiam adopted the resolution after the act's effective date; therefore it had the power to do so, *see Massie v. Brown*, 84 Wn.2d 490, 492–93, 527 P.2d 476 (1974); and (2) given that the part of the act which allowed the election, former RCW 3.50.470, did not specify how the election was to be made, and the resolution itself evidenced Hoquiam's intent to elect to continue the court, the "premature" adoption of resolution 1748 was sufficient to make the election.

This result is consistent with *Fakkema v. Island Cy. Pub. Transp. Benefit Area*, 106 Wn.2d 347, 722 P.2d 90 (1986). In *Fakkema*, the court concluded that a boundary revision of a public transportation benefit area was valid where the revision had been carried out in substantial compliance with statutory requirements, and the procedure used had satisfied all basic statutory objectives. Here, resolution 1748 satisfied the statutory objective that a city desiring to forgo the act's application and retain an existing court system elect to do so.

Moreover, resolution 1748 had not been revoked or modified when the act first became effective in Grays Harbor on January 9, 1967. Therefore, it became effective at that time.

Once the election was made, it survived Hoquiam's subsequent attempt to create a municipal court with ordinance 2626 because that ordinance, not having been adopted within the act's time limits, was void. Former RCW 3.50-.060 (Laws of 1961, ch. 299, § 55) specifically required that such ordinances be adopted not more than 10 days before January 2, 1966, or any fourth year thereafter. Ordinance 2626 had been adopted on August 13, 1973.

The election also survived Hoquiam's adoption of a noncchartered code city classification under RCW Title 35A because that title specifically provides for the continuation of courts in such cities. Former RCW 35A.20.010.

Therefore, because resolution 1748 validly elected to continue Hoquiam's municipal court, and neither the parties' briefs nor the record indicates another bar to the court's validity in 1983, the court had jurisdiction over Strid and Beach who were charged under the municipal code in that year.

Judgment reversed and the writs are quashed.

REED, C.J., and WORSWICK, J., concur.

Reconsideration denied February 10, 1987.

Review denied by Supreme Court May 5, 1987.