[Nos. 8064–8–II; 8065–6–II;     Division Two.     February 11, 1988.]
8143–1–II; 8653–1–II.

THOMAS TWIGG, ET AL, *Appellants,* v. ABERDEEN MUNICIPAL COURT, *Respondent.*

THE CITY OF ABERDEEN, *Respondent,* v. OLE E. FELDT, ET AL, *Petitioners.*

*J. A. Heard, Steven R. Johnson,* and *Johnson, Heard & Shearer,* for appellants Twigg, et al.

*Jack L. Burtch,* for petitioner Feldt.

*Michael Markham, City Attorney,* and *Ruth A. Nelson, Assistant,* for respondents.

ALEXANDER, J.—Ole Feldt and James Kerrigan each appeal orders of the Grays Harbor Superior Court affirming their Aberdeen Municipal Court convictions for traffic offenses. Thomas Twigg and James Naillon appeal orders of the Grays Harbor County Superior Court denying their applications for writs of prohibition, prohibiting the Aberdeen Municipal Court from entertaining charges against them. All of the defendants argue to this court, in this consolidated appeal, that the Aberdeen Municipal Court lacked jurisdiction over their persons and the subject matter of the offenses charged against them. We affirm.

Each of the appeals has reached us in a slightly different fashion. Briefly, we will outline the facts pertaining to each case.

## OLE FELDT

Feldt was charged in the Aberdeen Municipal Court on March 23, 1982, with the offense of driving while under the influence of intoxicating liquor. He was convicted of the offense after a jury trial and was sentenced on March 31, 1983. Feldt appealed his conviction to the Grays Harbor County Superior Court, where he claimed that the Aberdeen Municipal Court lacked jurisdiction over him. The Superior Court rejected this argument and affirmed his conviction. He appealed to this court and we granted discretionary review.[1]

## JAMES KERRIGAN

Kerrigan was arrested on June 1, 1984, in Aberdeen and was charged in the Aberdeen Municipal Court with driving while under the influence of intoxicating liquor. Kerrigan moved to dismiss the charges on grounds that the municipal court lacked jurisdiction. The motion was denied. Kerrigan was then found guilty of the charge and was sentenced. He appealed his conviction to the Superior Court for Grays Harbor County, which affirmed. He appealed to this court.[2]

## THOMAS TWIGG AND JAMES NAILLON

Twigg and Naillon were arrested in Aberdeen on January 4, 1984. Twigg was charged in Aberdeen Municipal Court

---

[1] In the course of internal screening, this court became aware that there was a procedural defect in Feldt's appeal in that the matter came to this court by notice of appeal rather than on motion for discretionary review. *See* RAP 2.3(d). Notwithstanding the procedural defect, this court ordered that the notice of appeal should be viewed as a request for discretionary review, and that review should be granted. RAP 5.1(c).

[2] Kerrigan, like Feldt, appealed even though he had no appeal as a matter of right. RAP 2.3(d). However, because the matter has been briefed and the procedural defect was not discovered earlier, we have chosen to ignore the defect and have viewed Kerrigan's case as being properly before us pursuant to RAP 5.1(c).

with obstructing a public servant. Naillon was charged in the same court with the offense of driving while license suspended and failure to cooperate with an officer. Twigg and Naillon filed applications in Grays Harbor County Superior Court for a writ prohibiting the Aberdeen Municipal Court from entertaining or disposing of their cases. They each claimed that the Aberdeen Municipal Court was invalidly organized and, consequently, lacked subject matter jurisdiction and jurisdiction over their persons. The Superior Court denied their applications. They each sought reconsideration, which was denied. They appeal.

JURISDICTION OF ABERDEEN MUNICIPAL COURT

The appellants all contend that the legal entity, the Aberdeen Municipal Court, ceased to exist on January 9, 1967, and that the court purporting to be the Aberdeen Municipal Court was, therefore, without jurisdiction after that date. In order to understand the appellants' arguments, it is necessary to set out some legislative history, as well as the pertinent history of the Aberdeen Municipal Court.

A

Justice Court Act

In 1961 the Legislature adopted a statute relating to what were then known as "justice courts." Laws of 1961, ch. 299 (codified as RCW 3.50). This act permitted counties such as Grays Harbor to opt, by action of its county commissioners, to be bound by the provisions of the act. RCW 3.30.020. The effect of adoption of the provisions of the act by a board of county commissioners was to transfer the jurisdiction and authority of municipal courts in the county to the justice court. As a consequence, the enforcement of city or town ordinances would then fall to the new justice court. The act provided, however, that any city or town "may elect" to continue its municipal court under preexisting statutes relating to municipal courts. Laws of 1961, ch. 299, § 96.

The Grays Harbor Board of County Commissioners chose, by ordinance, to come under the justice court act on July 5, 1966. Their action was to be effective on January 9, 1967.

In 1970, the continued validity of the Aberdeen Municipal Court was challenged in the Superior Court in Benn v. City of Aberdeen, Grays Harbor County cause 59569. The Superior Court ruled that because the City of Aberdeen had failed to establish its own municipal court, pursuant to the provisions of the then–existing RCW 3.50.060,[3] the Aberdeen Municipal Court lacked jurisdiction over Benn. Subsequently, the Aberdeen City Council passed a resolution May 20, 1970, which indicated Aberdeen's election to continue to operate its municipal court under the statutes relating to municipal courts as they existed prior to 1961.

All of the appellants contend that because of the county commissioners' action in 1966 to make the justice court act applicable to Grays Harbor County, the Aberdeen Municipal Court lacked jurisdiction on and after January 9, 1967. They contend that Aberdeen did not "elect" by timely resolution or ordinance to continue its municipal court.

At the time the county commissioners of Grays Harbor County adopted the ordinance making the justice court act applicable to that County, RCW 3.50.060 provided in pertinent part:

> On or after January 2, 1966, a city or town electing to *establish* a municipal court *pursuant to this chapter* shall do so by *resolution* adopted not more than ten days before January 2, 1966 or any fourth year thereafter.

(Italics ours.) Laws of 1961, ch. 299, § 55. The appellants contend that this section applies, and they argue that the

---

[3]RCW 3.50.060 provides:

"A city or town electing to establish a municipal court pursuant to this chapter may terminate such court by adoption of an appropriate ordinance. However no municipal court may be terminated unless the municipality has complied with RCW 3.50.805, 35.22.425, 35.23.595, 35.24.455, 35.27.515, 35.30.100, and 35A.11-.200."

City of Aberdeen did not demonstrate its election to establish a municipal court *by resolution,* as required by the statute.

Aberdeen counters by arguing that RCW 3.50.060 does not apply because the City of Aberdeen was not *establishing* a municipal court, but was simply maintaining its already established municipal court.

■ We agree with Aberdeen. In our judgment, RCW 3.50.060 does not apply here. The applicable statute was former RCW 3.50.470 (Laws of 1961, ch. 299, § 96), which relates to the continuation of existing municipal courts. That statute did not require that a city's election to continue its municipal court be made by resolution or ordinance.[4]

In our ruling, we rely, to some extent, on the recent case of *Hoquiam v. Strid,* 46 Wn. App. 457, 461, 731 P.2d 8 (1987). In that case, this court had occasion to look at the justice court act of 1961. We pointed out in *Strid* that section 96 of the act specifically permitted cities and towns to continue their existing municipal court system. *Strid,* 46 Wn. App. at 459. In the *Strid* case, Hoquiam, unlike Aberdeen, had passed a resolution which indicated Hoquiam's election to continue its municipal court, rather than have the jurisdiction of its court pass to the justice court of Grays Harbor County. *Strid,* 46 Wn. App. at 458. However, Hoquiam adopted its resolution *before* January 9, 1967, the date the justice court act became effective in Grays Harbor County. *Strid,* 46 Wn. App. at 458. Strid contended that Hoquiam's premature election to continue its municipal court was an insufficient election. *Strid,* 46 Wn. App. at 459. We disagreed, saying that "[w]here the law is silent as to the mode of procedure, no particular formality in the enactment of an ordinance need be adopted. In the absence

---

[4]That section provided:

"Although self-executing, the provisions of this chapter shall be cumulative and, notwithstanding any provision hereof, any city or town *may elect* to continue under any existing statutes relating to police courts, municipal courts, or laws relating to justices of the peace." (Italics ours.)

of other requirements *it is only necessary that there be sufficient proof of the will of the governing body.'"* (Citations omitted. Italics ours.) *Strid,* 46 Wn. App. at 460.

Here, even though Aberdeen apparently did not announce its election to continue its then existing municipal court by adopting a resolution or ordinance, it sufficiently expressed the will of its government by adopting a budget for the municipal court, presumably by ordinance, and by continuing to employ persons to operate it.[5]

Our decision is buttressed further by the case of *Enumclaw v. Hunt,* 35 Wn. App. 470, 667 P.2d 145 (1983). There Enumclaw, like Aberdeen, continued to operate its municipal court after the Legislature adopted the justice court act in 1961. In upholding the jurisdiction of the Enumclaw Municipal Court, the court identified section 96 of the Laws of 1961, ch. 299, as a "grandfather clause." *Enumclaw,* 35 Wn. App. at 473. The court appeared to suggest that by not participating in the justice court act of 1961, and by maintaining its own municipal court, Enumclaw had manifested its election to continue its existing municipal court. *Enumclaw v. Hunt,* 35 Wn. App. at 473.

## B
## Court Improvement Act

The appellants Naillon, Twigg and Kerrigan contend, finally, that even if the City of Aberdeen manifested its election to continue its municipal court by continuing to

---

[5]Appellants contended in oral argument that there is no evidence in the record that a budget for the municipal court of Aberdeen was ever adopted after January 1967. Frankly, we have very little record at all in this case. We do not even have any evidence supporting appellants' assertion that Aberdeen did not adopt an ordinance or resolution manifesting its election to continue its municipal court. Because counsel for both sides presented these matters to the Superior Court with what appeared to be agreed facts, and because the briefs did not contain any indication that the facts recited here were disputed in any way, we have overlooked the deficiencies in the record and have attempted to glean the facts in this case principally from the briefs and the stipulation of the parties in Aberdeen v. Feldt.

operate it or by adopting the resolution that became effective May 20, 1970, the Aberdeen Municipal Court, nevertheless, ceased to exist on July 1, 1984. They contend that the Court Improvement Act of 1984 served to repeal Aberdeen's authority to operate its municipal court at least from July 1, 1984, to January 1, 1985. RCW 3.50.060.[6] As a consequence, they contend the city court had no jurisdiction over the appellants Kerrigan, Naillon, and Twigg during the 6–month hiatus from July 1, 1984, to January 1, 1985. We believe that it is unnecessary to set forth in detail the argument of the appellants on this point because, even if their contention is correct that the municipal court of Aberdeen was in a state of suspension for a period of 6 months in late 1984, the same legislation specifically provided that the municipal court would have continuing jurisdiction over cases pending before the effective date of the act (July 1, 1984). (See notes following RCW 3.50.005.) The savings clause, section 128 of Laws of 1984, ch. 258, reads as follows:

> The enactment of sections 101 through 139 of this act shall not affect any case, proceeding, appeal, or other matter pending in any court operating under Title 35 or 35A RCW on the effective date of this act. The enactment of sections 101 through 139 of this act shall not have the effect of terminating or in any way modifying any right or liability, civil or criminal, which may be in existence on the effective date of this act.

In light of this saving provision, it is clear that the Aberdeen Municipal Court had jurisdiction to resolve cases pending on July 1, 1984, against Naillon, Twigg, and Kerrigan.

We affirm the orders of the Grays Harbor Superior Court affirming Feldt's and Kerrigan's convictions, as well as its

---

[6]Aberdeen argues that the resolution adopted by the city council on May 20, 1970 constituted a sufficient election to continue its municipal court, even if the operation of its court after January 1967 is deemed an insufficient election to continue its court. In light of our ruling that the Aberdeen Municipal Court continued to exist after January 1967, we find it unnecessary to decide that issue.

order denying Naillon's and Twigg's applications for a writ of prohibition.

REED, C.J., and WORSWICK, J., concur.

Review denied by Supreme Court May 31, 1988.