**STATE ex BARTLETT, Plaintiff v. NATIONAL ASSOCIATION OF ANGLING AND CASTING CLUBS, Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 3437. Decided November 13, 1942.

Ralph J. Bartlett, prosecuting attorney, Columbus; D. B. Sharp, assistant prosecuting attorney, Columbus, for plaintiff.

Vorys, Sater, Seymour & Pease, Columbus, for defendant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an original action in quo warranto, seeking an order of ouster against the defendant on the claimed ground that it has misused the franchises, privileges and rights conferred upon it as a corporation, in that while organized as a corporation not for profit, it has carried on a special merchandising business through the purchase at wholesale

of certain equipment afterwards resold for a profit.

Defendant's answer admits that it is a corporation organized not for profit under the laws of Ohio, and after making other formal admissions it denies all other allegations of the petition.

The cause is submitted on an agreed statement of facts and evidence taken in the form of depositions. Aside from the agreed statement of facts, the only other evidence submitted by the State was the testimony of Dr. R. P. Merrell, of Worthington, Ohio. Dr. Merrell was formerly the secretary of the association and claimed to be such at the time of the taking of his testimony. It is apparent that considerable animus has arisen through the question as to whether or not Dr. Merrell is or is not the secretary of the defendant company. Other litigation is pending in the Common Pleas Court of Franklin County growing out of this controversy. It is indicated that the present suit was actuated through request of Dr. Merrell or possibly his attorney.

An action in quo warranto is an extraordinary remedy and thereunder a duly organized corporation will not be ousted from its franchise rights except where the claimed violation is clear and substantial.

In the agreed statement of facts the purpose clause of the Articles of Incorporation of the defendant company are read into the record as follows:

"Its objects are to promote interest in and appreciation of scientific angling through tournament or contest casting; to perfect universal rules governing tournament casting; to encourage the formation of clubs devoted to scientific angling and the art of fly and bait casting, to promote and mainttain a high standard of true amateur sportsmanship among anglers; to lend moral support to all moves toward true sportsmanship in all sports; to establish a proper demarcation between amateur and professional tournament casters; to assist in the propogation and protection of game fishes and influence legislation toward this end; and to promote such special conditions as are incident to the sports of angling and of tournament casting."

The membership of the association is composed of organized angling clubs and casting clubs which have been approved by the majority of the executive committee, and which have assented to the constitution, rules and regulations of the association and have adopted them as their standard. The executive committee is composed of the general officers of the assiciation connected with the active management of the affairs of the association at all times except when the association is in actual session at an annual meeting. In the constition it is provided that there shall be held annually, at such times and places as the executive committee shall appoint, a meeting of the association to be known as the

N. A. A. C. C. National Tournament. The defendant company was organized June 26, 1939, under the laws of Ohio as a corporation not for profit, and has ever since and is now operated under the charter then issued. It further appears that the defendant does not have any shares of stock and has never declared or paid any dividends to members and that no officer of the association, except the secretary, had ever received any compensation for his services.

It appears in evidence that the rules and regulations governing the national tournament required uniform equipment in order that there might be a proper comparison of scores and games. In order to effectuate this end, the association determined in detail the equipment to be used and then entered into contracts with the manufacturers of various types of equipment to be sold exclusively to the association and afterwards resold by the association to its members, individuals and sometimes jobbers. The sale of this equipment was in excess of its cost, and this is the profit claimed to inure to the defendant company in violation of its franchise rights.

It is the claim of the defendant that the primary object of the defendant corporation in its merchandising activities was the actual necessity of uniformity in equipment, and that the excess of sale price over cost was only an incident and was used in the payment of expenses in the operation and maintenance of the defendant company; that no dividends were ever paid to the stockholders or members and that any balance left at the end of each year after paying the necessary expenses was very small, and some years, nothing.

The only citation by counsel for plaintiff is §8623-97 GC, and **Ohio Jurisprudence, Vol. 10, page 816.**

The pertinent portion of the above section of the Code reads as follows:

"A corporation not for profit may be formed hereunder for any purpose or purposes not involving pecuniary gain or profit for which natural persons may naturally associate themselves."

The Section of Ohio Jurisprudence above referred to merely announces the general principle that a private corporation can exercise no powers except such as are expressly given it by its charter, or such as are necessary to carry into execution those powers conferred by express terms.

Considering the question as an original one, we are constrained to the view that the record fails to support plaintiff's claim that the defendant company has misused its franchise rights.

Stating our position more directly, we do not find that the defendant's merchandising activities are in any sense a profit making purpose, and any excess in resale over cost was purely incidental and property used for the expenses and maintenance of the organization. Our conclusion has the support of every reported case kindred in character.

In the case of **Emerick v. Penna. Rd. Y. M. C. A., 69 Oh. Ap., 353,** the Court of Appeals of Crawford county had under consideration the character and powers of the defendant corporation. The state of facts was different than in the instant case, but the principle announced is the same. In the reported case the Y. M. C. A. under its articles of incorporation, as a non-profit corporation, described its purpose to be the spiritual, intellectual, social and physical welfare of men and boys.

The court held that the fact that an annual fee was charged to members, that sleeping rooms were conducted, as well as a restaurant, all open to members or the public, the further sales of tobacco, magazines, candy, deriving all its income from its activities and making a profit therefrom, would not take the organization out of its charter classification as a corporation not for profit.

The Supreme Court of Ohio, in the case of the **Cleveland Library Association v. Pelton, Treasurer et, 36 Oh. St., 353,** had under consideration the question whether or not the Library Association, incorporated under the laws of Ohio, retained its status of a non-profit corporation after it acquired and owned a lot of ground with a block of buildings thereon, constructed as an entirety, some of the rooms of which were occupied by the association and others rented out and the rents received applied enclusively to keeping the property in good repair.

The Supreme Court determined that so much of the property as was rented out for profit would be taxable, but it characterized the association as an institution of purely public charity.

In **Ohio Jurisprudence, Vol. 10, page 1118, §847,** we find the following relative to corporations for profit:

"Gains to be distributed as dividends among the stockholders."

We are referred to the case of Eads v. Y. M. C. A., 29 S. W. (2d), 701, wherein the Supreme Court of Missouri held that the fact that the Y. M. C. A. rented parts of its building at a profit did not change its status.

In the case of Santa Clara Female Academy v. Sullivan. 6 N. E., page 183, the Supreme Court of Illinois held that a private educational institution was not a corporation for profit, although it charged fees for tuition.

An interesting and well reasoned case is that of the **Cincinnati Gymnasium & Athletic Club v. Edmonson, 13 N. P. (N. S.), 489.** The trial court held that notwithstanding certain activities of the Athletic Club, it nevertheless was a public charitable institution and not subject to taxation.

As heretofore indicated, we are constrained to the view that the plaintiff has failed to make out a case against the defendant. Therefore the petition will be dismissed and costs adjudged against the plaintiff.

GEIGER, P. J., and HORNBECK, J., concur.