[No. 36157.    Department One.    April 26, 1962.]

THE STATE OF WASHINGTON, *on the Relation of Gordon W. Johnson, Appellant,* v. JOHN J. LALLY, *Respondent.**

*Reported in 370 P. (2d) 971.

*Cheadle, Clanton & Woeppel,* by *Frederick A. Clanton,* for appellant.

*John J. Lally* and *Donald N. Olson,* for respondent.

ROSELLINI, J.—This is an action in the nature of mandamus in which the relator asked the Superior Court for Spokane County to compel the respondent prosecutor to bring an action of quo warranto against the Spokane Club, a nonprofit corporation.

According to RCW 7.56.020, an information in quo warranto

". . . may be filed by the prosecuting attorney in the superior court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise or corporation which is the subject of the information."

The relator does not claim an interest in the corporation. However, we have held that a taxpayer who has no special interest in the subject matter of the information may apply

to the court for an order of mandamus where the prosecutor has refused to act. *State ex rel. Gilbert v. Prosecuting Attorney,* 92 Wash. 484, 159 Pac. 761.

Where the court is asked to take such action by one claiming no interest in the corporation, however, the burden is upon him to make a plain showing that facts exist which would justify the prosecutor in maintaining the quo warranto proceeding. *State ex rel. Winters v. Steele,* 37 Wn. (2d) 434, 224 P. (2d) 332; *State ex rel. Cummings v. Blackwell,* 91 Wash. 81, 157 Pac. 223. Final discretion rests in the trial court as to whether the prosecuting attorney should be directed to institute such a proceeding; and unless it plainly appears that the trial court abused its discretion in refusing to order the prosecuting attorney to file an information, this court will affirm its action. *State ex rel. Winters v. Steele, supra; State ex rel. State Humane Soc. v. Hovey,* 159 Wash. 584, 294 Pac. 258.[1]

The allegations of the complaint in this case were, in substance, that the Spokane Club has held itself out as a club organized and operated exclusively for pleasure, recreation, or other nonprofitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder; and has knowingly, willfully, and continuously misused and abused its franchise and corporate powers by engaging in business with the public and in activities for profit and pecuniary gain as one of its principal objects, in that it solicited patronage from nonmembers and sold its services to them. As a result of allowing nonmembers to use its facilities, it was alleged, the club made a profit, which it used to enlarge and enhance its facilities, that resulted in benefits to the members for which they would otherwise have to pay.

The relator maintained that many other clubs in this state operate in a similar manner, with a consequent loss of revenue to the state and unfair competition with pri-

---

[1]The new rules of Pleading, Practice, and Procedure do not purport to change these rules relating to mandamus and quo warranto proceedings.

vate businesses. He also alleged that the club was not a nonprofit social club in fact, and that accordingly it was using its liquor license unlawfully, and failing to pay proper income taxes and license fees. The trial court granted a motion to strike these allegations.

It was alleged that the prosecutor had been requested to file an information in quo warranto against the Spokane Club, but had failed and refused to do so.

A motion by the respondent to dismiss the complaint was granted, and this appeal followed.

■ We will first dispose of the relator's contention that the trial court erred in striking certain portions of the complaint. In regard to the allegations concerning liquor licenses, income taxes, and license fees, all of these are matters of which complaint can be made to the appropriate authorities, who are equipped to investigate the correctness of the contentions and to remedy any abuses which may exist. As we indicated in *State ex rel. State Humane Soc. v. Hovey, supra*, this court will not hold that a trial court has abused its discretion in refusing to order a prosecutor to institute a quo warranto proceeding against a corporation where it appears that all other means of compelling it to perform its corporate duties have not been exhausted. The complaint of "unfair competition" was directed at the alleged evasion of taxes and license fees; and if such exists, it can be remedied by the appropriate agencies.

The question remains whether the complaint made a plain showing that the Spokane Club was abusing its franchise by catering to nonmembers, and making a profit.

The relator cites the rule as stated in 16 Fletcher, Corporations (Perm. ed.) 774 § 8055, which states:

"Unless a statute so requires, a forfeiture or dissolution will not be decreed for acts merely in excess of the corporate powers, or for every misuse or abuse of the corporate franchises, particularly where done through accident or bona fide mistake. . . . Nor is wilful or fraudulent misuser or abuse of its franchises a ground of forfeiture, in the absence of express statutory provision

therefor, unless it is such as to affect or menace the interests or welfare of the public.

"As a general rule, however, the charter of a private corporation will be forfeited, in proper proceedings by the state, for any wilful or fraudulent misuser or abuse of its franchises which injures or menaces the interests or welfare of the state or of the community in which it transacts business, whether the misuser or abuse consists in the exercise of a franchise or power not conferred upon the corporation by its charter, or in the violation of prohibitions in its charter, or in the violation of prohibitions in general laws to which it is subject, or in the violation of established principles based upon the ground of public policy. . . ."

This statement of the rule accords with the spirit of our quo warranto statute, which provides that an information may be filed

"(5) . . . where any corporation do, or omit acts which amount to a surrender or a forfeiture of their rights and privileges as a corporation, or where they exercise powers not conferred by law." RCW 7.56.010.

We will assume that a corporation licensed as a private nonprofit club "injures or menaces" the interest or welfare of the community or the state if it opens its doors to nonguests. It is not alleged that the Spokane Club is open to the general public, and the relator concedes that members may properly bring guests, so long as they pay for the guests' use of the facilities. But he alleges that members of the public (nonmembers of the club) are invited in large groups and pay the charges themselves. It is the position of the relator that a guest is not a guest unless the person who invites him pays for his entertainment and use of the facilities of the club; and that by making its facilities available to nonmembers who pay their own way, the Spokane Club is acting ultra vires. The authorities that he cites do not so hold and he presents no reason why the fact that services are paid for by the guest to whom they are rendered, rather than by his host, should turn a nonprofit corporation into a profit-making corporation.

The main contention of the relator seems to be that,

because the club makes a profit on the sale of its services to members and their guests, and accumulates reserves, it is a profit-making corporation. There is no allegation that the profits are distributed to the members, or that they have any hope of receiving distribution of them in the future. As was said in *American Jersey Cattle Club v. Glander,* 152 Ohio St. 506, 90 N. E. (2d) 433,

"The fact, that a corporation is one not for profit, does not mean that its enterprises may not be conducted for gain, profit or net income. It is necessary to distinguish between gain, profit or net income to the incorporators or members and gain, profit or net income to the corporation as a legal entity. For example, there may be a nonprofit corporation, if there is no purpose of pecuniary gain or profit to the incorporators or members, and yet such a corporation may still be conducted for gain, profit or net income to the corporation as a legal entity."[2]

The reason why this is so, should be obvious. It is axiomatic that a corporation has the powers reasonably necessary to effectuate its purposes. The purposes declared in the Articles of Incorporation of the Spokane Club are:

" . . . to conduct a club or society for social enjoyment; to lease, acquire, own or hold real estate and personal property, and sell the same, for the uses and purposes of the association; to hire, purchase or erect suitable buildings for the accommodation of the members of said corporation, to be devoted to the purposes herein set forth, with power to exchange, sell or otherwise dispose of all or any part of said real or personal property; to receive and hold in trust, or otherwise, real or personal property received by gift or bequest, to be devoted to the purposes herein set forth; to issue promissory notes, bonds or obligations, to be secured by mortgage on the real or personal property of said corporation, or otherwise; and, generally, to do and perform any and every act and thing, or make any contract, proper and consistent with the carrying out of the foregoing purposes and objects to their fullest extent."

The corporation is empowered to buy and sell personal property; there is no express restriction on its right to

---

[2]Another analogous case is *State ex rel. Bartlett v. National Ass'n of Angling & Casting Clubs,* 39 Ohio L. Abs. 81 (Ohio App.), 51 N. E. (2d) 662.

sell at a profit, and it is hardly to be expected that the club could survive if it were required to operate at a loss. The profits, of course, must be used for the purposes set forth in the articles, and there is no contention that they are not used for these purposes. The fact that members benefit from the improved facilities which result from the use of the surpluses received by the club, does not change the nature of the corporation.

The relator cites authorities holding that a nonprofit corporation may not engage in other businesses, but none of them holds that a social club conducted in the manner that the Spokane Club is conducted, is acting ultra vires or against the public interest. It would serve no useful purpose to discuss these cases here since they are not in point.

The right of a social club to serve guests and charge for its service is not expressly authorized by the statute (RCW chapter 24.16). However, a corporation not only has those powers that are expressly granted, but also those which are reasonably necessary to carry out its purposes. 6 Fletcher, Corporations (Perm. ed.) 233 § 2477. The relator alleges and the respondent agrees that there are numerous clubs throughout the state which engage in the same practices as the Spokane Club, and it would seem that the serving of guests is incidental to the social purposes of such clubs. The relator contends that they compete with profit-making businesses. Whether the competition is unfair and whether it should be forbidden is a public-policy question which only the legislature can decide.

We conclude that the trial court was justified in finding that the relator had not made a plain showing that the club was abusing its franchise, and that it correctly exercised its discretion in denying his application.

The judgment is affirmed.

HILL, OTT, FOSTER, and HUNTER, JJ., concur.

---

June 26, 1962. Petition for rehearing denied.