[No. 626-2.   Division Two.   September 25, 1972.]

THE STATE OF WASHINGTON, *Respondent,* v. TERRY A. FRANKS, *Appellant.*

*Fred D. Gentry* (of *Bean & Gentry*), for appellant.

*Smith Troy, Prosecuting Attorney,* and *Ed Schaller, Jr., Assistant,* for respondent.

PETRIE, C.J.—Defendant, Terry A. Franks, appeals from the entry of judgment and sentence following conviction of the crime of unlawful possession of a controlled substance.

In his first assignment of error, defendant claims the search warrant, which was the basis of discovery of the contraband, was invalid because it was not issued by a qualified judge. The pertinent facts are as follows: On July 30, 1970, Richard Brown was appointed Judge Pro Tempore of the Thurston County District Justice Court. He registered to vote on the following day. On August 6, 1971, Judge Brown signed a search warrant authorizing officers of the Olympia Police Department to search the residence occupied by the defendant and two others described in the warrant. Later that evening, a search of the trailer occupied by the defendant was conducted. Various quantities of LSD, marijuana and amphetamines were found in the trailer. Defendant was not present when the search was conducted, but arrived shortly thereafter. As he approached the trailer, he was placed under arrest, taken inside the trailer and searched. He resisted the search and was thereupon restrained by handcuffs. A red capsule, the sole foundation upon which this unlawful possession charge was based, was found in one of the defendant's pockets. Chemical analysis determined the capsule contained LSD. Defendant contends the search warrant was invalid, thus rendering the subsequent arrest and search of the defendant unlawful.

The qualifications and authorization for appointment of judges pro tempore of district justice courts are established by statute. RCW 3.34.060 provides, in part:

To be eligible to file a declaration of candidacy for and to serve as a justice of the peace, a person must:

(1) Be a registered voter of the justice court district;
. . .

Richard Brown did not qualify for the office to which he was appointed until he became a registered voter of his district, 1 day after the date of his appointment to the office. Notwithstanding this impediment at the time of appointment, we hold that Richard Brown was a judge de facto, and as such, was qualified to issue a search warrant in the instant case.

To constitute a person an officer de facto, he must be in actual possession of the office, exercising its functions and discharging its duties under color of title. *State v. Britton*, 27 Wn.2d 336, 178 P.2d 341 (1947). Color of title distinguishes him from a usurper; active possession, despite a defect in title, distinguishes him from a de jure office holder. As an officer de facto, he must be submitted to as such until displaced by a regular direct proceeding for that purpose. The proper and exclusive method of determining the right to public office is through a quo warranto proceeding. *Green Mountain School Dist. v. Durkee*, 56 Wn.2d 154, 351 P.2d 525 (1960). Judge Pro Tempore Brown was appointed by written order of the court, and had performed the functions of his office for more than 1 year prior to issuance of the search warrant in the instant case. To hold, as defendant argues, that an irregular appointment of a judge pro tempore renders his subsequent official actions null and void, would unduly disrupt the orderly function of the judicial process. Necessity and public policy compel us to hold otherwise.

Defendant's second assignment of error challenges the admissibility of the LSD capsule found in his pocket. He argues that the search of his person was not made incidental to a lawful arrest. His argument is, however, premised on his contention that the warrant was invalid because it was issued by a person without authority to perform such an act. We have held that the warrant was valid. The subsequent arrest and search of the defendant was also proper.

Both the complaint for, and the search warrant itself, designated the name of Terry Franks as the individual who rented the trailer which was searched under the authority of the warrant in the instant case. Defendant's arrest a few feet from the trailer followed only moments after the police found contraband in the trailer, which they had every reason to believe was rented by the defendant. Clearly, defendant was lawfully arrested after incriminating evidence had been found in the lawful search of the trailer because there was, at that point, probable cause to arrest the person known to be in dominion and control of the premises. *State v. Callahan,* 77 Wn.2d 27, 459 P.2d 400 (1969). The officers could thereafter search the defendant's person as an incident of that lawful arrest, and seize contraband found on his person. The trial court properly denied defendant's motion to suppress the evidence found in the search of his person.

Finally, defendant contends that the trial court erred in refusing his offer to introduce evidence of circumstances existing at the time of his arrest on a prior occasion. The defendant wanted to show that some time in July, 1971, he and a companion had been walking along a city street; that an Olympia police officer stopped him and attempted to search him for drugs on his person; that he resisted the search of his person; that no drugs were found; and that the police officer who searched him in July was also present at the time of his arrest on August 6, 1971. Defendant's purposes in offering this evidence, through testimony of an eyewitness to the July events, were (1) to illustrate that he resists "when he feels that he is not being legally and properly restrained," and (2) to combat the implication, from the state's evidence of resistance to the August 6 search, that he did not want the contraband on his person to be found by the police.

■ Evidence which has some logical proof tendency may, nevertheless, properly be refused within the sound discretion of the trial court. In exercising his discretion, the trial judge should consider the tendency of the offered tes-

timony to mislead, distract, or confuse the issues or to impede the orderly process of the trial. *Coleman v. Dennis,* 1 Wn. App. 299, 461 P.2d 552 (1969). This is precisely what the trial court did. We find no abuse of discretion.

Judgment affirmed.

ARMSTRONG and PEARSON, JJ., concur.