[No. 2118–3. Division Three. May 26, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. COTIS HILL, *Appellant*.

*Wade E. Gano,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Deputy,* for respondent.

GREEN, J.—Defendant appeals from a conviction of possession of a controlled substance, heroin.

Defendant assigns error to the denial of a motion to suppress certain evidence, contending the search was based upon an invalid warrant. He argues (1) the supporting affidavit was insufficient to independently support a finding of

probable cause; (2) the district court judge was without authority to issue the search warrant; and (3) he was not a neutral and detached magistrate. We affirm.

On April 21, 1976, Yakima police officers, acting pursuant to a search warrant issued by pro tempore District Court Judge Gary McGlothlen, searched defendant's home, discovering a quantity of heroin. The trial court denied a motion to suppress the evidence, and defendant was found guilty of possession of heroin.

The affidavit in support of the search warrant was presented by a Yakima police officer assigned to the narcotics unit and, in pertinent part, states:

> Your affiant within the past 12 hours has received information from a reliable informant who states within the past 36 hours a quantity of heroin was personally observed in the before described residence by the said informant. The quantity of the said heroin being in the personal custody of Cotis Hill.
>
> Your affiant states that this reliable informant recognizes heroin because said informant has used that particular substance (heroin) in the past. Your affiant believes the informant to be reliable because of the following reasons:
>
> Your affiant has known the before mentioned informant for approximately two years in which time the said informant has given your affiant information about narcotics addicts and narcotics traffickers in the Yakima area, which is either known to be true or found to be true through other sources by your affiant.
>
> Said informant under the direction and control of your affiant made two control purchases of suspected heroin and later after the substance was turned over to your affiant by said informant, and after testing it was found to be heroin as stated by the informant.
>
> On at least one occasion the said informant has introduced undercover police officers to a subject believed to be trafficking in heroin, which later investigation led to the arrest and conviction of one individual in Yakima County Superior Court for delivery of heroin.
>
> A second reliable informant has contacted your affiant and related that Cotis Hill is involved in the trafficking of heroin and the said informant has personally observed

Cotis Hill in possession of heroin within the past 30 days. This observation did not take place within the residence of 916 South 8th Street but on the public streets of the City of Yakima.

Your affiant has known the second informant for five years which the said informant has given your affiant information about narcotics addicts and narcotics traffickers in the Yakima area which was either known to be true or found to be true through other sources by your affiant.

On one occasion the said informant has supplied information to your affiant which led to the issuance of a search warrant for controlled substances (heroin) whereupon execution of the search warrant a quantity of heroin was found and one person was later found guilty of possession of heroin in Yakima County Superior Court.

The said informant under direction and control of members of the City–County Narcotic Unit have made controlled purchases of suspected heroin and later when the suspected heroin was tested it was found to be heroin as stated by the informant.

First, defendant argues that this affidavit fails to satisfy the two–prong test of *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

The requirements of *Aguilar v. Texas, supra,* are the requirements reiterated in *State v. Walcott,* 72 Wn.2d 959, 435 P. 2d 994 (1967), requiring (1) full disclosure to the magistrate of the underlying circumstances justifying issuance of the warrant and (2) justification of the credibility of the informant or the reliability of his information.

*State v. Clay,* 7 Wn. App. 631, 635, 501 P.2d 603 (1972). We disagree.

■ Here, the affidavit states underlying facts and circumstances from which a neutral and detached judicial officer could independently determine probable cause and assess the credibility of the informants. It also supports a conclusion that the informants were reliable. The facts contained in the affidavit go beyond suspicion, guess, and the unsupported conclusory opinion of the officer. *See State v. Patterson,* 83 Wn.2d 49, 515 P.2d 496 (1973); *State*

*v. Jansen,* 15 Wn. App. 348, 549 P.2d 32 (1976). Thus, the affidavit complies with *Aguilar* and supports the issuance of a search warrant.

Second, defendant argues that the judge pro tempore was without authority to issue the search warrant since his order of appointment was signed by a judge whose term had expired. Consequently, he contends that the search warrant is invalid. We disagree.

RCW 3.34.130 provides:

> Each *justice court* shall designate one or more justices of the peace pro tempore . . .

(Italics ours.) Here, the pro tempore judge was appointed by order of the justice court acting through the then presiding judge. By statute, the authority of the pro tempore judge comes from the *justice court,* and not an individual judge. Accordingly, the appointment, which contained no limitation as to time, does not terminate with the term of the judge who signed the order. Since his appointment, he has been called on numerous occasions to sit as a pro tempore judge. Further, there is no order in the record revoking the appointment of the pro tempore judge who issued the search warrant. Thus, he had authority to issue the warrant.[1]

Last, defendant claims that pro tempore Judge McGlothlen is not a neutral and detached magistrate because he also serves as attorney for the City of Toppenish and prosecutes municipal violations on a part–time basis. For that reason, it is contended the search warrant is invalid. We disagree.

---

[1]Even if the appointment had terminated, as contended by defendant, the warrant would still be valid because he was a judge de facto. The pro tempore judge was conducting a trial which was interrupted in order that he could be presented with the affidavit for the search warrant. Where a judge pro tempore is in actual possession of the office, exercising its functions and discharging its duties, he does so under color of title and notwithstanding any impediments, he is a judge de facto and his official actions are valid. *State v. Franks,* 7 Wn. App. 594, 596, 501 P.2d 622 (1972).

It is clear where the determination of probable cause and issuance of a search warrant is made by a policeman or prosecutor involved in the investigation and/or prosecution of the defendant, the search warrant is violative of the constitutional requirement that probable cause be drawn by a neutral and detached magistrate. *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *Johnson v. United States*, 333 U.S. 10, 92 L. Ed. 436, 68 S. Ct. 367 (1948). Here, this per se disqualification rule does not apply. Pro tempore Judge McGlothlen was not a prosecutor or policeman involved in the present case with the Yakima Police Department. Defendant has made no independent showing that the pro tempore judge was in fact biased or prejudiced. We find that he was a neutral and detached magistrate and issued a valid warrant.

Affirmed.

MUNSON, C.J., and McINTURFF, J., concur.

Reconsideration denied June 9, 1977.

Review denied by Supreme Court December 2, 1977.