[No. 20416-5-I. Division One. July 11, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE MICHAEL SMITH, *Appellant*.

*Paul Gillingham* and *Marston, Hodgins, Gillingham, Jones & Jennings,* for appellant.

28

*Norm Maleng, Prosecuting Attorney,* and *Ellen O'Neill–Stephens, Deputy,* for respondent.

GROSSE, J.—Smith appeals the denial of a post–judgment motion for relief from sentencing and to suppress evidence obtained pursuant to a search warrant issued by a District Court Commissioner who, allegedly, was not qualified to act as a Commissioner.

Issaquah police obtained a search warrant issued by a Court Commissioner of the Issaquah District Court. Pursuant to the warrant, officers searched Smith's home and discovered 227 marijuana plants and numerous other marijuana–growing paraphernalia. Smith was arrested and charged with violation of the Uniform Controlled Substances Act for possession of marijuana with the intent to manufacture and deliver. He moved to suppress the evidence due to lack of probable cause. A Superior Court Judge reviewed the warrant and affidavit and concluded that probable cause existed. Smith was found guilty and sentenced.

Smith appealed the judgment and sentence and prior to argument discovered that the Commissioner who issued the warrant was without authority. He moved and was granted a remand for a hearing on whether or not the lack of qualifications to hold the office of Commissioner invalidated the search warrant. The trial court heard argument, but denied Smith's postjudgment motion for relief because the court determined that his challenge was an impermissible collateral attack on the qualifications of a de facto officer of the court. Smith appeals this decision.

■ *State v. Franks,* 7 Wn. App. 594, 501 P.2d 622 (1972), and *State v. Hill,* 17 Wn. App. 678, 564 P.2d 841 (1977) are dispositive of this issue. *Franks* is factually identical to the case sub judice. In *Franks,* a search warrant was issued by a judge pro tempore. Pursuant to the warrant, contraband was discovered and the defendant was convicted for possession of the contraband. On appeal the defendant argued that because the warrant was issued by

an unqualified judge the search warrant was invalid and the search of his premises unlawful. The Court of Appeals held:

> To constitute a person an officer de facto, he must be in actual possession of the office, exercising its functions and discharging its duties under color of title. Color of title distinguishes him from a usurper; active possession, despite a defect in title, distinguishes him from a de jure office holder. As an officer de facto, he must be submitted to as such until displaced by a regular direct proceeding for that purpose. The proper and exclusive method of determining the right to public office is through a quo warranto proceeding. Judge Pro Tempore Brown was appointed by written order of the court, and had performed the functions of his office for more than 1 year prior to issuance of the search warrant in the instant case. To hold, as defendant argues, that an irregular appointment of a judge pro tempore renders his subsequent official actions null and void, would unduly disrupt the orderly function of the judicial process. Necessity and public policy compel us to hold otherwise.

(Citations omitted.) *Franks,* at 596. *See State v. Hill, supra; State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947); *Snohomish Cy. Builders Ass'n v. Snohomish Health Dist.,* 8 Wn. App. 589, 592, 508 P.2d 617 (1973) ("[T]he acts of an officer *de facto* are as valid and effectual, while he is suffered to retain the office, as though he were an officer by right, and the same legal consequences will flow from them for the protection of the public and of third parties.") (quoting 2 T. Cooley, *Constitutional Limitations* 1355 (8th ed. 1927)).

It is not disputed that the Commissioner was appointed to serve as Commissioner in August 1972 and reappointed in November 1981. She passed the qualifying exam for the position but is not an attorney admitted to practice in Washington and thus arguably not qualified to serve in a judicial district the size of that of the Issaquah District Court. RCW 3.42.010; RCW 3.34.060. She is, however, indisputably a de facto officer. At best, Smith's argument constitutes an impermissible collateral attack on a de facto officer's authority. It cannot be brought under a motion to

dismiss, *see State v. Cook,* 84 Wn.2d 342, 525 P.2d 761 (1974), or a post-judgment motion for relief, but only under a quo warranto proceeding as set forth in RCW 7.56.020. *State v. Franks, supra; State v. Hill, supra.*[1] Accordingly, the trial court properly denied Smith's postjudgment motions.

The trial court is affirmed.

SCHOLFIELD, C.J., and WILLIAMS, J. Pro Tem., concur.

---

[1]Contrary to Smith's contention that he could not have maintained a quo warranto action, case law indicates otherwise. *State ex rel. Johnson v. Lally,* 59 Wn.2d 849, 370 P.2d 971 (1962) recognized that RCW 7.56.020 has been interpreted to allow a private citizen with no interest in the corporation or office to compel the prosecuting attorney to take action, but only after the private citizen has made a plain showing that facts exist which would justify the prosecutor in maintaining the quo warranto proceeding.