[No. 44629-1-I.   Division One.   March 6, 2000.]

DENNIS ELI FOISY, *Appellant*, v. STEPHEN L. CONROY, ET AL., *Respondents*.

*Dennis E. Foisy*, pro se.

*Jeffrey D. Dunbar (of Ogden Murphy Wallace, P.L.L.C.);* and *Brenda L. Bannon* (of *Keating, Bucklin & McCormack, Inc., P.S.*), for respondents.

PER CURIAM — Dennis Foisy filed a complaint against Edmonds Municipal Court Judge Stephen Conroy, the City of Edmonds, and the current and former mayors of Edmonds, challenging Judge Conroy's authority to enter orders in the City's assault case against him. The trial court dismissed Foisy's complaint. The court ruled that Judge Conroy was not required to post a bond to act as a municipal court judge and, even though the oath of office Judge Conroy took was deficient, his acts as a judge were valid. We affirm.

Foisy was found guilty of fourth degree assault in April 1996 following a trial on stipulated facts. In October 1996, a bench warrant was issued when Foisy failed to appear before the court. In February 1997, Foisy demanded proof that Judge Stephen Conroy, the municipal judge who had sentenced him, had posted a surety bond, which Foisy claimed was required by RCW 3.50.097. An attorney representing the City informed him that the judge was not required to post a bond.

Nearly a year later, Foisy had not complied with the terms of the sentence Judge Conroy imposed on him for the fourth degree assault conviction. He anticipated that the judge would take steps to enforce his order. So Foisy filed a complaint against Judge Conroy, the City of Edmonds, and Barbara Fahey and Laura Hall, the current and former

mayors of Edmonds, claiming that the defendants had not complied with the requirements of RCW 3.50.097. He further claimed that the defendants had denied him his constitutional right to be free from unreasonable searches and seizures and his right to privacy, and that he was entitled to relief for negligence and negligent infliction of emotional distress. He asked for a writ prohibiting Judge Conroy from taking any action related to the City's assault case against him.

After filing the complaint, which included the request for a writ, Foisy moved for a temporary order to restrain Judge Conroy from acting in a judicial capacity in the City's case against him. In response, the defendants, who had not yet answered the complaint, moved to dismiss Foisy's complaint under CR 12(b)(6).

When Foisy appeared for the hearing to consider the motion for a temporary restraining order, he had not seen the defendants' motion to dismiss the complaint. He explained that although the address where the motion was mailed was valid, he had not retrieved mail from that post office box because he wanted to avoid a warrant he believed had been issued for his arrest. Judge James Allendoerfer told Foisy that he could have more time to respond to the defendants' arguments if he needed it. Foisy did not ask for additional time. Because the court was asked to consider documents other than the pleadings, Judge Allendoerfer treated the CR 12(b)(6) motion as a motion for summary judgment.

Foisy, relying upon RCW 3.50.097, claimed that Judge Conroy had no authority to act in the assault case because the judge had not posted a bond. Foisy claimed the statute by itself required municipal court judges to post bonds. Judge Allendoerfer ruled that RCW 3.50.097 requires municipal judges to post a bond only if another law or ordinance directs municipal judges to do so. Because neither Foisy, nor the defendants, nor Judge Allendoerfer himself could find any law or ordinance requiring municipal judges

to post bonds, the trial court held that Foisy's claim in that regard failed as a matter of law.

Judge Allendoerfer agreed with Foisy that the oath taken by Judge Conroy was defective. Rather than swearing to "support the Constitution of the United States and the Constitution of the State of Washington,"[1] Judge Conroy had sworn only to support "the Constitution and the laws of the State of Washington." In other words, the oath did not specify which constitution Judge Conroy swore he would support.

Judge Allendoerfer explained, however, that a judge who fails to take an oath of office is a de facto officer, who may be punished for acting without being qualified, but whose acts nevertheless are valid and binding. The judge, therefore, announced that he would grant the defendants' motion to dismiss if Judge Conroy promptly took the proper oath of office. Judge Conroy signed a new oath the next day. Judge Allendoerfer then granted the defendants' motion to dismiss Foisy's complaint. Foisy moved for reconsideration, arguing that the court should not have ruled on the defendants' CR 12(b)(6) motion at the hearing on his motion for a temporary restraining order. The motion for reconsideration was denied.

On appeal, Foisy argues that the trial court violated the rules of civil procedure when it converted the defendants' CR 12(b)(6) motion into a motion for summary judgment. He claims that the only issue properly before the court was whether his motion for a temporary restraining order should be granted, and that he did not have adequate time to respond to the defendants' motion. He also contends that the defendants were required to answer his complaint before the court could entertain a motion under CR 12(c).

CR 12(c) is not pertinent to this case. It relates to a motion for a judgment on the pleadings. The defendants did not move for a judgment on the pleadings. Rather, they moved under CR 12(b)(6) to dismiss Foisy's case based upon his failure to state a claim upon which relief could be

---

[1] RCW 3.50.097.

granted. CR 12(b) provides that such a motion may be made before an answer to the complaint has been filed.[2]

Foisy complains that he was not given the proper amount of time to respond to a motion for summary judgment and that he was prejudiced by the court's consideration of the motion at the hearing to consider his motion for a temporary restraining order. However, although a CR 12(b)(6) motion shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court, the requirements set forth in CR 56 regarding the time allowed to respond to a summary judgment motion do not apply to motions to dismiss under CR 12(b)(6). Rather, CR 12(b) indicates that if a CR 12(b)(6) motion is treated as a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56."

Judge Allendoerfer offered Foisy more time to respond to the CR 12(b)(6) motion, but Foisy did not accept the offer. Nor has he shown that he was prejudiced by having too little time to respond. His arguments to this court are the same ones he made below.

Foisy contends that RCW 3.50.097 mandates that municipal judges post bonds. That statute provides as follows:

> Every judge of a municipal court, before entering upon the duties of the office, shall take and subscribe the following oath or affirmation: "I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Washington, and that I will faithfully discharge the duties of the office of judge of the municipal court of the city of . . . . . . (naming such city) according to the best of my ability." The oath shall be filed in the office of the county auditor. The judge shall also give such bonds to the state and city for the faithful performance of the judge's duties as may be by law or ordinance directed.

Foisy argues that because the statute states that munici-

---

[2] "A motion making any of these defenses [including the defense of failure to state a claim on which relief can be granted] shall be made before pleading if a further pleading is permitted." CR 12(b).

pal court judges "shall also give such bonds . . . as may be by law or ordinance directed," the judges must post a bond. He cites authority indicating that when the Legislature uses the word "shall", an act is mandatory.

█ But when a statute is unambiguous, it is not subject to judicial interpretation. Its meaning is derived from its language alone.[3] Moreover, even if a statute is ambiguous, each provision of a statute should be read with other provisions in the statute to determine the Legislature's intent.[4]

█ RCW 3.50.097 is not ambiguous. It clearly indicates that municipal judges must post bonds only if a law or ordinance directs them to do so. Even if this court found the phrase "the judge shall also give such bonds" to be ambiguous, when construed with the remainder of the sentence it clearly indicates municipal judges must post bonds only if another law or ordinance requires them.

Foisy claims that the judge found he could prevail on his complaint and, therefore, erred by granting the motion to dismiss and denying the motion for a temporary restraining order. But Judge Allendoerfer did not find that Foisy could prevail on his complaint. The judge merely found that his claim that Judge Conroy's oath of office was defective had merit. Judge Allendoerfer did not agree, however, that the defective oath meant Judge Conroy had no authority to act in Foisy's case.

█ Foisy concedes that Judge Conroy was a "de facto judge". A person is a de facto officer if he is in actual possession of an office, exercising its functions and discharging its duties under color of title.[5] In general, the official actions of a de facto judge are valid.[6] Foisy has not

---

[3] *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997).

[4] *In re Estate of Kerr*, 134 Wn.2d 328, 336, 949 P.2d 810 (1998).

[5] *State v. Britton*, 27 Wn.2d 336, 344, 178 P.2d 341 (1947); *State v. Franks*, 7 Wn. App. 594, 596, 501 P.2d 622 (1972).

[6] *Britton*, 27 Wn.2d at 346 ; *Farmer v. Edmonds Mun. Court*, 27 Wn. App. 762, 767, 621 P.2d 171 (1980); *Franks*, 7 Wn. App. at 596.

presented any evidence or argument to show that Judge Conroy's actions were not valid. Therefore, Judge Allendoerfer did not err when he granted the defendants' CR 12(b)(6) motion.

Nevertheless, Foisy argues that Judge Allendoerfer should not have dismissed his claim for negligence because as the result of the defendant mayors' negligence in failing to ensure that a properly qualified judge was seated, he suffered substantial damage "from being hounded over the past three years by a de facto judge." Foisy, however, has not shown that Judge Allendoerfer erred. Foisy does not contend that the actions taken by Judge Conroy were any different from those that might have been taken by a de jure municipal court judge.

Finally, Foisy argues that Judge Allendoerfer erred when he ruled that RCW 42.12.010 did not apply to officials who were appointed, rather than elected to an office. RCW 42.12.010 provides that

> [e]very elective office shall become vacant on the happening of any of the following events:
>
> . . . .
>
> (6) His or her refusal or neglect to take his or her oath of office, or to give or renew his or her official bond, or to deposit such oath or bond within the time prescribed by law[.]

Foisy contends that, even though Judge Conroy was appointed, not elected, to be a municipal court judge, RCW 42.12.010 applied to him, and his office was vacant because he refused or through negligence failed to take the proper oath of office.

Even if we agreed that RCW 42.12.010 applied to officers who were appointed, rather than elected, we do not agree that the trial court erred. Judge Conroy did not refuse or negligently fail to take the proper oath of office. As soon as the proper oath was presented to him, he subscribed to it.

## Attorney Fees

The respondents request their attorney fees on ap-

peal under RAP 18.1[7] and RCW 4.84.185. RCW 4.84.185 provides that attorney fees may be awarded to the prevailing party if the opposing party's action was frivolous. RAP 18.9(a) allows this court to order the losing party to pay the prevailing party its attorney fees on appeal if the appeal was frivolous. "[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal."[8]

We agree with the respondents that Foisy's appeal is frivolous. It presents no debatable issues and is so totally devoid of merit that there was no reasonable possibility of reversal. The respondents, therefore, are entitled to their attorney fees on appeal.

The decision of the trial court is affirmed. The respondents are entitled to their attorney fees on appeal. They are directed to comply with RAP 18.1.

Reconsideration denied June 2, 2000.

Review denied at 142 Wn.2d 1010 (2000).

---

[7] Under RAP 18.1, if a law grants a party a right to recover reasonable attorney fees, the party must request the fees in its brief.

[8] *Delany v. Canning*, 84 Wn. App. 498, 510, 929 P.2d 475 (1997).