2016 AUG -1 M 9: 46


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| CITY OF EVERETT, | ) | No. 73843-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMIE WALLIN, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 1, 2016 |

SCHINDLER, J. — Jamie Wallin filed a lawsuit against the City of Everett (City) for violation of the Public Records Act (PRA), chapter 42.56 RCW. The court dismissed the lawsuit as barred by the one-year statute of limitations under RCW 42.56.550(6). We affirm.

PRA Request

Jamie Wallin is an inmate at the Washington State Penitentiary. On August 21, 2012, Wallin made a public records request to the Everett Police Department. The PRA request sought 24 categories of documents including police reports, witness statements, handwritten notes, documents related to a search warrant, and medical reports.

In a letter to Wallin on September 4 and on September 25, the City stated it needed additional time to respond. In a letter to Wallin dated October 9, the City

asserted the requested medical records were exempt and the medical waiver Wallin provided did not comply with statutory requirements.

The City mailed some of the requested records to Wallin on December 13, 2012. The letter states the documents constitute the first installment and included 16 out of the 24 categories of records requested. In the letter, the City asserted an exemption applied to the "decline notice" records under RCW 42.56.280. RCW 42.56.280 exempts "[p]reliminary drafts, notes, recommendations, and intra-agency memorandums in which opinions are expressed or policies formulated or recommended." The City provided a redaction log and a redacted copy of the decline notice. The redaction log states:

> The record constitutes/includes preliminary drafts, notes, recommendations and/or intra-agency memoranda in which opinions are expressed or polices formulated or recommended and which have not been publicly cited by our agency in connection with any agency action.

The mailroom at the Washington State Penitentiary intercepted and withheld the documents produced by the City. According to Wallin, he first learned the documents were intercepted on January 10, 2013. The City sent Wallin a letter on January 17, 2013 stating the Washington State Penitentiary notified the City that the records it produced in response to the PRA request had been seized. This is the last communication between the City and Wallin.

On February 5, 2013, Wallin made arrangements to have the mailroom send the documents to his grandmother. More than a year later, in April 2014, Wallin asked his grandmother to mail him certain pages of the records produced by the City. Around the same time, Wallin's father reviewed the records. After his father reviewed the records, Wallin learned the City produced only 16 of the 24 categories of requested documents and that the City claimed an exemption for documents related to the decline notice.

2

Dismissal of Lawsuit

On January 5, 2015, Wallin filed a lawsuit against the City for violation of the PRA and to compel the disclosure of public records in response to his request. In the complaint, Wallin acknowledges the City's December 2012 response was a "first installment" to his PRA request. Wallin also asserts he learned on January 10, 2013 that the City had produced records in response to his request and in October 2012, the City had asserted an exemption to the request for medical records. In the complaint, Wallin concedes he did not make arrangements to review the records the City produced on December 13, 2012 until April 2014.

The City filed a CR 12(b)(6) motion to dismiss arguing Wallin's lawsuit is barred by the statute of limitations under RCW 42.56.550(6). The trial court dismissed the lawsuit with prejudice as barred by the PRA one-year statute of limitations. The court denied Wallin's motion to reconsider.

PRA Statute of Limitations

On appeal, Wallin contends the trial court erred in dismissing his complaint as barred by the PRA one-year statute of limitations.

Because the parties submitted materials outside of the complaint, we treat the CR 12(b)(6) motion as a CR 56 summary judgment motion. See Foisy v. Conroy, 101 Wn. App. 36, 40, 4 P.3d 140 (2000). We review summary judgment de novo. Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794-95, 64 P.3d 22 (2003). Summary judgment is proper if when viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the

3

moving party is entitled to judgment as a matter of law. CR 56(c); Michak, 148 Wn.2d at 794-95.

The PRA states that "[a]ctions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." RCW 42.56.550(6). Under the plain language of the statute, "the one-year statute of limitations is triggered by one of two occurrences: (1) the agency's claim of an exemption or (2) the agency's last production of a record on a partial or installment basis." Tobin v. Worden, 156 Wn. App. 507, 513, 233 P.3d 906 (2010).

If "an installment of a records request is not claimed or reviewed, the agency is not obligated to fulfill the balance of the request." RCW 42.56.120. Here, the City produced the first installment of documents on December 13, 2012 but Wallin did not review the documents until more than a year later in April 2014. The City's claim of exemption on October 9, 2012 and December 13, 2012 also triggered the one-year statute of limitations. Relying on Rental Housing Ass'n of Puget Sound v. City of Des Moines, 165 Wn.2d 525, 199 P.3d 393 (2009), Wallin argues the one-year limitation was not triggered because the claimed exemptions did not apply to the other categories of documents he requested. Rental Housing does not support Wallin's argument.

In Rental Housing, the court held a claim of exemption was insufficient to trigger the one-year statute of limitations because the agency failed to provide a brief explanation to " 'allow a requestor to make a threshold determination of whether the agency has properly invoked the exemption.' " Rental Housing, 165 Wn.2d 539 (quoting WAC 44-14-04004(4)(b)(ii)). The court did not hold, as Wallin contends, that an exemption must apply to each withheld document in order to trigger the one-year

4

statute of limitations. To the contrary, the one-year statute of limitations is triggered when an agency responds to a PRA request with a proper claim of exemption. Greenhalgh v. Dep't of Corr., 170 Wn. App. 137, 150, 282 P.3d 1175 (2012).

Wallin also argues the City failed to make an adequate claim of exemption. The record does not support his argument. A claim of exemption need only (1) adequately describe the withheld record by stating the type of record withheld, date, number of pages, and author/recipient or (2) explain which exemption applied to a withheld record. Rental Housing, 165 Wn.2d at 539. Here, the City adequately explained the exemptions asserted. See City of Lakewood v. Koenig, 182 Wn.2d 87, 95, 343 P.2d 87 (2014) ("[W]hen it is clear on the face of a record what type of information has been redacted and that type of information is categorically exempt, citing to a specific statutory provision may be sufficient.").

We affirm dismissal of Wallin's PRA lawsuit as barred by the one-year statute of limitations under RCW 42.56.550(6).

WE CONCUR: