IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| SHONTO PETE and MONIE TULEE as individuals and on behalf of all others similarly situated, | ) ) ) ) | No. 37845-4-III |
| Appellants, | ) ) | |
| v. | ) ) | |
| CITY OF AIRWAY HEIGHTS, WASHINGTON; and CITY OF CHENEY, WASHINGTON, | ) ) ) ) | UNPUBLISHED OPINION |
| Respondents, | ) ) | |
| TERRI COOPER and JOHN DOE COOPER, and the marital community thereof, | ) ) ) ) | |
| Defendants. | ) | |

PENNELL, C.J. — Shonto Pete and Monie Tulee appeal summary judgment

dismissal of their claims against the cities of Airway Heights and Cheney. We affirm.

FACTS

In 2019, Commissioner Terri Cooper of the Airway Heights Municipal Court adjudicated cases against Shonto Pete and Monie Tulee. Commissioner Cooper does not have a law degree and has never been admitted to practice law. In 2002, Commissioner Cooper passed the municipal court nonlawyer judicial officer qualification examination, rendering her eligible to be appointed as a nonlawyer judicial officer under former GR 8 (1998).[1] In January 2003 she completed the Washington State Judicial College and was sworn in as a district court judicial officer.

Commissioner Cooper was initially appointed as a court administrator and commissioner of the Medical Lake Municipal Court. In 2004, Commissioner Cooper left the Medical Lake Municipal Court and was appointed as a court administrator and commissioner for the Cheney Municipal Court. In 2018 Commissioner Cooper was appointed as a commissioner on the Airway Heights Municipal Court through an interlocal agreement. At the time of the 2018 appointment, the city of Airway Heights had an estimated population of 9,085 people, and the city of Cheney had an estimated

---

[1] Former GR 8 permitted those who were not admitted to practice law in Washington to serve as "judicial officers" after passing a qualifying examination. Former GR 8.2. "Judicial officers" included district and municipal court judges, court commissioners, and court administrators. Former GR 8.1(a)(2).

population of 12,200 people.

In 2019, Mr. Pete filed a class action lawsuit in Spokane County Superior Court against Commissioner Cooper and her marital community, and the cities of Airway Heights and Cheney. Ms. Tulle later joined in the suit as a plaintiff. The complaint alleged various constitutional violations, all based on the allegation that Ms. Cooper was not qualified to serve as a court commissioner. Prior to the proceedings resulting in this appeal, the claims against Commissioner Cooper and her marital community were dismissed. Airway Heights and Cheney then successfully moved for summary judgment and the remaining claims of Mr. Pete and Ms. Tulle were dismissed.

Mr. Pete and Ms. Tulle now appeal the judgment against them.

ANALYSIS

Mr. Pete and Ms. Tulle claim the summary judgment order must be reversed because Commissioner Cooper fails to meet the statutory criteria for a municipal court commissioner. The statutes governing this issue are RCW 3.50.075 and RCW 3.34.060. Resolving the arguments raised by Mr. Pete and Ms. Tulee[2] requires statutory

---

[2] We question whether the complaint about Commissioner Cooper's qualifications would have been more appropriately brought as a *quo warranto* action under chapter 7.56 RCW. *See Green Mountain Sch. Dist. No. 103 v. Durkee*, 56 Wn.2d 154, 158-59, 351 P.2d 525 (1960); *State v. Franks*, 7 Wn. App. 594, 596, 501 P.2d 622 (1972). Nevertheless, because this issue has not been raised by the parties it is not addressed.

3

interpretation, a task we conduct de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). The goal of statutory interpretation is to discern the legislature's intent. The best source for discerning intent is statutory language. If the text of a statute makes clear the legislature's intent, our interpretive task goes no further. We must give effect to the statute's plain meaning. *See Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009).

RCW 3.50.075 defines the powers, qualifications required, and appointment procedure of municipal court commissioners. We emphasize the portion of the statute pertinent to the claims on appeal:

> (1) One or more court commissioners may be appointed by a judge of the municipal court.
> (2) Each commissioner holds office at the pleasure of the appointing judge.
> (3) Except as provided in subsection (4) of this section, a commissioner has such power, authority, and jurisdiction in criminal and civil matters as the appointing judges possess, and must be a lawyer who is admitted to practice law in the state of Washington *or a nonlawyer who has passed, by January 1, 2003, the qualifying examination for lay judges for courts of limited jurisdiction under RCW 3.34.060.*
> (4) On or after July 1, 2010, when serving as a commissioner, the commissioner does not have authority to preside over trials in criminal matters, or jury trials in civil matters unless agreed to on the record by all parties.
> (5) A commissioner need not be a resident of the city or of the county in which the municipal court is created. When a court commissioner has not been appointed and the municipal court is presided over by a part-

4

time appointed judge, the judge need not be a resident of the city or of the county in which the municipal court is created.

RCW 3.50.075 (emphasis added).

RCW 3.34.060, which is referenced in RCW 3.50.075(3), lists the eligibility and qualifications required of district court judges:

> To be eligible to file a declaration of candidacy for and to serve as a district court judge, a person must:
> (1) Be a registered voter of the district court district and electoral district, if any; and
> (2) Be either:
> (a) A lawyer admitted to practice law in the state of Washington; or
> (b) In those districts having a population of less than five thousand persons, a person who has taken and passed by January 1, 2003, the qualifying examination for a lay candidate for judicial officer as provided by rule of the supreme court.

The plain meaning of RCW 3.50.075(3) is clear and unambiguous. Nonlawyers may only serve as a municipal court commissioner if they have passed, by January 1, 2003, the qualifying examination for lay judges of courts of limited jurisdiction. No mention of a population limitation for nonlawyer municipal court commissioners is made in RCW 3.50.075. The reference in RCW 3.50.075(3) to RCW 3.34.060 only serves to indicate that the "qualifying examination for lay judges for courts of limited jurisdiction" required of nonlawyer municipal court commissioners is the same examination as the "qualifying examination for a lay candidate for judicial officer" required of nonlawyer

district court judges. Contrary to the arguments made on appeal, RCW 3.34.060 does not graft a population requirement into RCW 3.50.075.

Mr. Pete and Ms. Tulle argue that the qualifications of municipal court commissioners should be commensurate with those of other similar judicial officers. When it comes to district court judges, municipal court judges, and municipal pro tem judges, the governing statutes limit the eligibility of nonlawyers to districts with 5,000 or less people. RCW 3.34.060 RCW 3.50.040; RCW 3.50.090.[3] Mr. Pete and Ms. Tulle claim municipal court commissioners should be subject to the same population size restriction. The problem with this argument is it runs counter to the statutory text. We will not override a statue's plan meaning based on policy preferences.

The meaning of the statutes at issue in this case are plain. We therefore look no further to resolve the parties' dispute. Under the plain terms of the governing statutes, Terri Cooper's status as a nonlawyer does not disqualify her from serving as a municipal court commissioner, regardless of the size of her district.

CONCLUSION

The summary judgment order of dismissal is affirmed.

---

[3] There is no population limitation imposed on nonlawyer district court commissioners. RCW 3.42.010.

No. 37845-4-III
*Pete v. City of Airway Heights*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Staab, J.

7